Rockingham, }
April 3, 1923. }

### SUSAN F. COLLINS *v.* CHARLES S. BENSON & a.

An exception to the proof of incompetent facts is not waived by a failure to object to the proof of them in a more appropriate form. Hence a failure to object to the subsequent admission of a record, from which subject to exception extracts had been previously read for the purpose of impeaching the credibility of a witness, is not a waiver of the exception to the reading thereof.

A plea of *nolo contendere* is not an admission of the truth of the facts for other purposes than for those of the case in which it is made.

The license of cross-examination does not authorize a party to prove in that way matters improper to be proved at all.

CASE, for negligence in the treatment of the plaintiff by his physicians, the defendants. Trial by jury and verdict for the defendants. Transferred by *Allen,* J., upon the plaintiff's exceptions to the admission and exclusion of evidence and to statements of counsel in argument. The facts appear in the opinion.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the plaintiff.

*Scammon & Gardner* and *Ernest L. Guptill,* for the defendants.

SNOW, J. Defendants' counsel, upon cross-examination of the plaintiff's medical expert witness, sought to impeach his credibility by showing that he had pleaded *nolo contendere* in answer to a complaint (erroneously called an indictment at the trial) for larceny in the municipal court of Boston. The witness admitted that the articles described in the complaint were found in his garage and that he paid for them, but stated that he did so for the benefit of his employees. He denied that he had had anything to do with such articles himself, or that he had any knowledge of the record

of the complaint or of his arraignment thereon. Subject to the plaintiff's exception, the defendants' counsel was then allowed to read from the record as far as he liked. The witness denied that the complaint had been read to him in the municipal court, whereupon counsel, in contradiction, proceeded to read from the record a recital of the fact that it was read at the arraignment. At this point, upon suggestion of the presiding justice, the defendants offered in evidence the certified record of the complaint and proceedings thereon, to the admission of which no specific exception was taken. This record showed that the plea of *nolo contendere* was accepted by the municipal court and that the complaint was placed on file.

A plea of *nolo contendere* is not an admission of the truth of the facts charged for other purposes than for those of the case in which it is made. *State* v. *LaRose*, 71 N. H. 435–440; *White* v. *Creamer*, 175 Mass. 567. It follows that the complaint and plea were not of themselves competent impeaching evidence. The fact that the record tended to contradict the witness upon a collateral matter did not improve its competency. The extent to which cross-examination may be carried to disparage the credibility of a witness is usually a question of fact to be determined at the trial term (*State* v. *Fogg*, 80 N. H. 533, and cases cited), but the license of cross-examination does not authorize a party to prove in that way matters positively improper to be proved at all. *Simpson* v. *Gilbert*, 80 N. H. 537; *Seavy* v. *Dearborn*, 19 N. H. 351, 356. The result of reading the complaint was to place before the jury in an effective form a mere accusation of misconduct which was clearly incompetent and in violation of the established rules governing cross-examination of witnesses. 2 Wigmore, s. 982.

The incompetence of the complaint as evidence seems to be conceded, but the defendants contend that the failure of the plaintiff to object to the subsequent admission of the record was a waiver of her exception to its reading. While a further exception to the admission of the record would have been in accordance with the better practice, it does not follow that the plaintiff's failure in this regard amounted to a waiver of her exception already taken. In *Story* v. *Railroad*, 70 N. H. 364, 380, relied upon by the defendants, counsel was held to have waived his exception to statements of opposing counsel in argument by his failure to make known his objection in season for correction of the error. The case is a good illustration of a waiver, but does not appear to be in point here.

A waiver has been defined as a neglect or omission to insist upon a matter of which a party may take advantage at the time when it ought to be done, so that it must operate as a trap to the other party to insist upon it afterwards. *Lyman* v. *Littleton,* 50 N. H. 42, 45. Defendants' contention presupposes that the plaintiff's objection to the reading of the complaint was addressed not to the substance of the evidence but to the form or manner in which it was offered, and that the objection was therefore obviated by the submission of the record evidence. It does not appear that the parties could have so interpreted the plaintiff's exception, or so understood the effect thereon of the formal proof of the complaint. The substance and bearing of the evidence had been fully disclosed in the course of the cross-examination of the witness prior to the plaintiff's objection. The evident purpose of objecting counsel was to keep the incompetent and prejudicial evidence of the complaint from the jury, in accordance with the plaintiff's right. The ruling of the court that counsel might read from it as far as he liked, subject to the plaintiff's exception, became the law of the trial. The subsequent suggestion that the record be offered in evidence seems to have been prompted by the witness's denial that the complaint had been read to him and to have been adopted by counsel for the purpose of contradicting him in this particular, rather than for the purpose of obviating the plaintiff's exception. A party is not bound to object to evidence because it is technically open to exception. He may be silent if he pleases. *Bassett* v. *Company,* 28 N. H. 438, 452. An exception to the proof of incompetent facts is not waived by a failure to object to the proof of the same incompetent facts in a more appropriate form.

Defendants also place weight upon a finding of the court that the jury was justified in entirely discrediting the plaintiff's witness on impeaching evidence other than the complaint. This finding is immaterial to the issue here, since the weight of the evidence was for the jury. It is sufficient to support the plaintiff's exception that the prejudicial evidence covered by it appears to have been substantial.

This conclusion makes it unnecessary to consider plaintiff's exception to the argument of counsel.

*Plaintiff's exception sustained: new trial granted.*

YOUNG, J., was absent: the others concurred.