**FARNSWORTH v. ZERBST, Warden.**
**No. 8711.**

Circuit Court of Appeals, Fifth Circuit.
Aug. 23, 1938.

For prior opinion, see 97 F.2d 255.

John Semar Farnsworth, in pro. per., and George S. Hawke, of Cincinnati, Ohio, for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

On the original hearing before us the petitioner-appellant was not represented by counsel, indeed had filed no brief. On this motion for rehearing we welcome the able brief of counsel in his behalf and have given it full consideration. His summary of the points mainly relied on is this: "(1) That if any one of the above mentioned Constitutional provisions (Fifth, Sixth and Eighth Amendments, U.S.C.A.Const. Amends. 5, 6, 8) has been violated by the trial court, said court thereby lost all jurisdiction and Farnsworth is entitled to discharge. (2) That if the indictment does not charge any criminal overt act, or is defective in that the co-conspirators named are Japanese diplomats immune to any conspiracy indictment, Farnsworth is entitled to discharge. (3) That if appellant received a sentence not authorized by law (because indeterminate), he is entitled to discharge."

The first point is rested on the case of Johnson v. Zerbst, 58 S.Ct. 1019, 82 L.

Ed. ——. We do not understand that case to hold that habeas corpus is a remedy for every deprivation of constitutional right in a criminal trial. It held only that a deprivation of the right of counsel might be thus collaterally enquired into. It may be true, as is argued, that a coerced plea of guilty or of nolo contendere, or an arbitrary refusal to grant a timely application to withdraw such plea and plead not guilty, is tantamount to a denial of a jury trial and within the reasoning of the Johnson Case. But the record here does not show a coerced plea or an arbitrary refusal of its withdrawal. The record, which according to Riddle v. Dyche, Warden, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009, cannot be contradicted on habeas corpus, reads: "Came as well the Attorney of the United States, as the defendant in proper person * * * and by his attorneys Messrs. William J. Hughes, Jr., and William E. Leahy; and thereupon the defendant being arraigned upon the indictment pleads thereto nolo contendere, and submits to the mercy of the court." The docket shows that three days later a motion was made to withdraw the plea and to plead not guilty, and two days after that an answer opposing the motion was filed. The contents of these papers do not appear. Then after three days Messrs. Leahy and Hughes withdrew as counsel and the motion was argued and overruled. Two days later a motion in arrest of judgment was made by other counsel, but was withdrawn the next day and sentence ensued. It is now argued that these apparently regular and deliberate proceedings were forced and unfair, and that Farnsworth so testified on his habeas corpus hearing, and that the District Attorney had his stenographer to take down this testimony and appellant in his praecipe on this appeal specified to be sent up "a transcript of the stenographer's record of the proceedings, including the testimony of petitioner." The Clerk sent up no such transcript. Upon informal enquiry of him we learn that he has never had any such paper. The stenographer is not an officer of court, and is admitted to be only the employee of the District Attorney. The appellant should have made a statement of the evidence and presented it to the Judge for approval under Equity Rule 75, 28 U.S.C.A. following section 723, and thus have secured a record to be sent to this court. Whether a case exists for a discharge on habeas corpus on this ground cannot be determined.

But it is further argued that an absolute right to withdraw the plea was established by the Act of Feb. 24, 1933, amended March 8, 1934, 28 U.S.C.A. § 723a, authorizing the making of rules of procedure after conviction or plea of guilty in criminal cases, because of the proviso: "Provided, That nothing herein contained shall be construed to give the Supreme Court the power to abridge the right of the accused to apply for withdrawal of a plea of guilty, if such application be made within ten days after entry of such plea, and before sentence is imposed." Accordingly Rule 2(4), 28 U.S.C.A. following section 723a, provides: "A motion to withdraw plea of guilty shall be made within ten (10) days after entry of such plea and before sentence is imposed." We are of opinion that a plea of nolo contendere is a plea of guilty within the Act and the Rule, but they do not give any right to withdraw such pleas. They deal only with a limit of time within which the application to withdraw may be filed. The principles on which it may be granted or denied remain unchanged. Farnsworth's application was filed in time and his right to file it was apparently recognized. So far as appears it was denied on the merits. If the present record, asserted to be imperfect, does not fully present the case, the door is not wholly closed against making a better presentation of it on another petition, since res adjudicata is not strictly applied in habeas corpus cases.

The indictment is sufficient to support the sentence. What are the essentials of the crime sought to be charged and whether they have been sufficiently set forth in the accusation are questions for the trial court, and because of the review of the record which the judge is obliged to make before pronouncing sentence, they are adjudicated when he sentences. They are ordinarily not reviewable on habeas corpus. Aderhold, Warden, v. Hugart, 5 Cir., 67 F.2d 247. The habeas corpus court can say that no crime was charged and consequently the imprisonment is unlawful only when it is plain that there is no law to punish the sort of conduct charged. By this record it appears that there was a conspiracy between Farnsworth and two named Japanese, and others unknown, to violate 50 U.S.C.A. Sec. 32 by communicat-

ing, delivering and transmitting to a foreign government, Japan, documents, code and signal books, and writings relating to the national defense to be used to the advantage of Japan and the injury to the United States; and in furtherance thereof and to effect its object Farnsworth went on stated days to four stated places in Washington City. This is an offense under 50 U.S.C.A. Sec. 34. Section 32 forbids the doing of or attempting to do the things it names relating to the national defense. Section 34 punishes the conspiring of two or more persons to do them if any one of such persons "does any act to effect the object of the conspiracy." The act done need not be one forbidden by Section 32 or any other law. If it is done to effect the conspiracy it is enough. So, although it is no unlawful thing ordinarily to go to the named places in Washington, if Farnsworth went for the purpose of effecting the conspiracy he became punishable under Section 34 though he made no actual attempt then and there to do the things denounced by Section 32.

▮▮▮▮▮ The bill of Particulars furnished by the District Attorney admits that the Japanese persons named in the indictment were "the representatives, officers and agents of the Imperial Japanese Government." The motion to quash, which was overruled on demurrer, states that one was a Commander in the Japanese navy, and the other registered in our Department of State as Assistant Naval Attache of the Japanese Government. We may assume it proven that they were such. It is thereupon argued that they have diplomatic immunity from prosecution, and could not be co-conspirators with Farnsworth so as to constitute a criminal conspiracy; and reference is made to the original jurisdiction given the Supreme Court touching ambassadors and other public ministers, Art. 3, Sec. 2, Par. 2, U.S.C.A.Const. art. 3, § 2, cl. 2. The Constitution does not declare that diplomatic persons cannot join in crimes against the United States, or that they cannot be punished for them. Indeed Art. 3, Sec. 2, Par. 1, U.S.C.A.Const. art. 3, § 2, cl. 1, expressly extends the judicial power to "all Cases affecting Ambassadors, other public Ministers and Consuls." The inviolability of the persons and goods of foreign ambassadors and other ministers and their servants rests not on the Constitution, but the law of nations. Our statutes, 22 U.S.C.A. Secs. 251–255, made

to protect them, make express reference to the law of nations. Diplomatic persons may well be treated with peculiar consideration and their reputations as well as their persons carefully guarded, but more out of diplomacy than because in law they can do no wrong. If such persons in the United States join with a citizen of the United States in a conspiracy to commit a crime, though it be conceded that the foreign diplomat would not be indicted in the District Court, or even that he could not be, his immunity will not excuse the local citizen. At least two persons must join in an unlawful enterprise to constitute it a conspiracy. The statute expressly so says. But both need not be prosecuted, or prosecutable. One may die, may escape, or obtain a pardon; but the other remains guilty. It may be that the offense of giving national defense information to a foreign government denounced by Section 32 could not well be committed by representatives of that government who receive it; but even so a person who cannot commit a substantive offense may guiltily conspire with another who can commit it that he do so. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; United States v. Holte, 236 U.S. 140, 35 S.Ct. 271, 59 L.Ed. 504, L.R.A.1915D, 281; O'Leary v. United States, 7 Cir., 56 F.2d 515; Curtis v. United States, 10 Cir., 67 F.2d 943. The rule that the acquittal of all save one of alleged conspirators results in the acquittal of all applies to acquittals on the merits. The reason of it is that such judgments prove that there was in fact no criminal agreement among two or more persons. On the trial of a conspirator there is no technical rule that others must be concurrently or precedently convicted. Nor will personal defenses of the other conspirators not amounting to a total incapacity to commit crime be a defense to him. An American citizen ought not to be excused in a case like this because he conspired with a foreign diplomat. Yet further, it seems that only one of the named co-conspirators could claim diplomatic character. Diplomats get their immunity by being received as such. The naval commander may have entered without asking any leave or status different from other aliens. On his Japanese vessel he would of course be safe from arrest under a federal warrant but there is nothing in his status to sanctify a conspiracy with him to violate the laws of the United States.

Farnsworth has no right to liberty because of the quality of his named co-conspirators.

It is finally urged that sentences for violating 50 U.S.C.A. Secs. 32 and 34, ought to be the same in the District of Columbia as elsewhere, and that the Indeterminate Sentence Law of the District, D.C.Code Supp. I, 1933, T. 6, § 451 et seq., should be held to apply only to offenses against the Criminal Code of the District. It is said that Aderhold v. Lee, 5 Cir., 68 F.2d 824, and Sims v. Rives, 66 App.D.C. 24, 84 F.2d 871, involved sentences for offenses against the District Code. Our attention is called to the Act of June 5, 1934, D.C.Code Supp. III, 1937, T. 6, § 459, amending the Indeterminate Sentence Act so as to vest in the general Board of Parole the same power and authority over prisoners convicted in the District and transferred elsewhere as the District Board has over such prisoners confined in the penal institutions of the District. The cited Act was passed just after the decision in the Lee Case and may modify what was there said touching good time allowance and parole of such transferred prisoners. We withdraw what was said about it in our previous opinion in this case. It is premature to discuss the matter, for in no view of it would it effect a present discharge from confinement. The case of Sims v. Rives, supra, however, was decided after the passage of the Act of June 5, 1934, and took note of it. It involved not only an indeterminate sentence imposed in the District for a local offense, but also two indeterminate sentences there imposed under the general liquor taxing laws of the United States. Among the questions proposed to and decided by the court were these (page 877): "Are the sentences imposed upon the appellant under the Indeterminate Sentence Act void? Is that Act applicable to persons convicted in the District of Columbia of offenses defined in the general laws of the United States?" The Court of Appeals for the District of Columbia held that the Indeterminate Sentence Law applies to convictions in the District for general offenses, and that thus applied it is constitutionally valid. Having no firm opinion otherwise, we follow that decision. Farnsworth's sentence according to the Indeterminate Sentence Law of the District of Columbia is not unlawful and void.

The motion for rehearing is denied.