### FARNSWORTH v. SANFORD.

#### No. 1562.

District Court, N. D. Georgia, Atlanta Division.

June 7, 1940.

John F. Finerty, of New York City, and George S. Hawke, of Cincinnati, Ohio, for petitioner.

Lawrence S. Camp, U. S. Atty., Harvey H. Tysinger, and James T. Manning, Asst. U. S. Attys., all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

This is petitioner's third application to this Court for a writ of habeas corpus. The writs granted in the two former proceedings were discharged by judgments of this Court which were affirmed on appeal. Farnsworth v. Zerbst, 5 Cir., 97 F.2d 255; Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541.

A third writ was granted in this proceeding upon the earnest and apparently sincere contention of petitioner that new questions are presented and that former decisions of this Court should be reviewed.

In this proceeding petitioner relies principally upon five contentions which will be considered in the order they are presented in his brief.

(1) It is contended that the trial court was without jurisdiction to try the case because same was a case "affecting Ambassadors, other public Ministers" etc., within the meaning of Article 3, Section 2, Clause 2 of the Constitution, and that the Supreme Court was the only court which had jurisdiction thereof.

It may be conceded for the purposes of this case that the two Japanese officials named in the indictment, came under the designation "other public ministers," but even with such concession, it is my opinion that the record in this case does not disclose a case "affecting" such public ministers, within the meaning of the Constitution.

They were not prosecuted, nor were their persons in any manner subjected to threats, arrest, punishment, or any control whatsoever; nor was their property in any manner interfered with, or attempted to be interfered with. They were not called upon to do anything whatsoever and their prosecution or conviction was in no way necessary to the establishment of the case against petitioner.

According to petitioner's contention, any number of conspirators against the safety of the United States would be afforded immunity from their crimes, however heinous and dangerous, if only a minister of a foreign country should be charged in the indictment, though not prosecuted, with conspiring with defendants. The logic of such argument would lead to the absurdity of holding that a court in such case would be ousted of jurisdiction, if it should ap-

pear even from the evidence that a foreign minister was involved in any manner, whether innocently or criminally and however slightly, because such involvement, under petitioner's definition of the word "affecting," would make the case one affecting a minister.

■ I can not believe that the Constitution of the United States, in matters so serious, intended to so tie the hands of the Government, and the argument that such action on the part of the Government might involve it in war with the country of such ministers seems fanciful. At any rate, I do not believe the quoted provision of the Constitution was intended to have, or did have, such effect, but think that it was meant merely to prevent any interference with the person or property of such ministers.

This seems to be the view of the Circuit Court of Appeals for this Circuit as expressed in one of petitioner's former cases (Farnsworth v. Zerbst, 98 F.2d 541), in which the Court said: "Diplomatic persons may well be treated with peculiar consideration and their reputations as well as their persons carefully guarded, but more out of diplomacy than because in law they can do no wrong. If such persons in the United States join with a citizen of the United States in a conspiracy to commit a crime, though it be conceded that the foreign diplomat would not be indicted in the District Court, or even that he could not be, his immunity will not excuse the local citizen. [98 F.2d at page 544] * * * Farnsworth has no right to liberty because of the quality of his named co-conspirators." 98 F.2d at page 545.

Petitioner, in his brief, says that, "Neither the framers of the Constitution, Congress, nor the Supreme Court has defined what are 'cases affecting Ambassadors, other public Ministers * * *'." (Page 12.) The Supreme Court, however, in United States v. Ortega, 11 Wheat. 467, 6 L.Ed. 521, did hold that a criminal case against an individual who had assaulted a public minister was not a case "affecting" a public minister. The Court, of course, meant that such a case did not affect a public minister, in the sense that the word is used in the Constitution, but as a matter of fact, such case did actually affect him. The fact that the prosecution was for his protection and its effect was favorable and not adverse to him, did not prevent the case being one "affecting" a foreign minister, if the word "affecting" is given a strict literal meaning.

Necessarily the word "affecting" must be given a reasonable and sensible meaning in the light of the purposes of the Constitution. A line must be drawn somewhere, and it seems to me that a proper construction of this Constitutional provision is that it was not intended to deny jurisdiction to district courts in cases like the one against petitioner.

It is my opinion, therefore, both upon authority and reason, that the case against petitioner was not one "affecting" foreign ministers, as that word is used in the Constitution; and that the District Court of the District of Columbia had jurisdiction thereof.

■ 'The second contention presented by petitioner is that the decisions of the Circuit Court of Appeals in the two former habeas corpus cases do not preclude a holding by this Court that the District Court of the District of Columbia was without jurisdiction.

This contention is answered by the decision reached on point 1, supra, to the effect that this Court now finds upon its own reasoning, though supported by the decisions of the Circuit Court of Appeals, that the District Court of the District of Columbia did have jurisdiction, so that no further consideration of this contention is required.

■ (3) Petitioner's third contention is that the question of jurisdiction of the United States District Court of the District of Columbia in the original case against petitioner may properly be raised and determined in a habeas corpus proceeding. I think this contention is correct and I have acted upon such construction of the law.

■ (4) Petitioner's fourth contention is that a plea of nolo contendere made in ignorance of its meaning and effect is invalid and relief should be granted by habeas corpus.

I find from the evidence in this case that the plea was knowingly, voluntarily and intelligently entered, and was, therefore, a valid plea upon which the trial court could act. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ (5) The fifth contention is that no valid plea of nolo contendere can be made where the offense charged is punishable by a mandatory penalty of imprisonment.

I believe this contention to be unsound in view of the decision of the Supreme Court in the case of Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L. Ed. 347, and so hold in this case.

Certain other contentions have been made by petitioner to the effect that there was abuse of discretion by the District Court of the District of Columbia in denying petitioner's motion to withdraw his plea of nolo contendere and the failure of said Court to protect petitioner's right to counsel upon the hearing of his motion.

These contentions were given careful consideration in hearings on previous habeas corpus proceedings and also in the present proceeding. I have again carefully gone over the evidence and do not find that these grounds for a writ of habeas corpus have been established and I do not find any other grounds presented in the present case which would now sustain a writ of habeas corpus.

Whereupon, it is considered, ordered and adjudged that the said writ of habeas corpus be, and hereby is discharged, and petitioner remanded to the custody of respondent.