UNITED STATES of America
v.
James J. BAGLIORE, Defendant.
Cr. No. 45496.

United States District Court
E. D. New York.
April 20, 1960.

der of the United States District Court for the District of Connecticut, dated February 27, 1959. He had also been charged before that Court with violation of Section 659 of Title 18 of the U.S.C.

Subsequently, on September 9, 1959, the Connecticut Court accepted his plea of nolo contendere to that charge. A report of neuropsychiatric examination from the United States Department of Justice, Bureau of Prisons, indicates that the defendant has been under psychiatric care since 1951 with a diagnosis of catatonic schizophrenia and a history of overtly psychotic and anti-social behavior but is now competent to understand the proceedings and assist counsel in his defense. His doctor in a report dated December 29, 1959, states that with continued treatment there seems to be reasonable medical assurance that the defendant will remain a good member of society.

 While a plea of nolo contendere is permissible under Rule 11 of the *Federal Rules of Criminal Procedure*, 18 U.S.C., it is opposed by the prosecutor in this case under general instructions from the Attorney General [1] who opposes its acceptance except in the most unusual circumstances. As set forth in Hudson v. United States, 1925, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347, the plea stems from a passage in 2 Hawkins, Pleas of the Crown (8 Ed.) c. 31, p. 496, and constitutes an implied confession, as contrasted with an expressed confession, of guilt. Like a plea of guilty, it is an admission of guilt for the purposes of the case but, unlike a plea of guilty, it does not estop the defendant from denying the facts to which he pleaded nolo contendere in a subsequent judicial civil proceeding.[2] The plea is not open to the accused as a matter of right but is allowable only if accepted by the Court.[3] Upon such a plea the same penalty may be adjudged against the defendant as

Cornelius W. Wickersham, Jr., U. S. Atty., New York City, Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for United States.

Jacques M. Schiffer, New York City, Abraham W. Sereysky, New York City, of counsel, for defendant.

BARTELS, District Judge.

On July 22, 1958, defendant was indicted in this Court for receiving stolen property in violation of Section 659 of Title 18 of the U.S.C. He has petitioned this Court to accept a plea of nolo contendere. Prior to offering this plea he had been committed to the Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to an or-

---

1. See, Title 2, page 18, Title 4, page 46, United States Attorney's Manual.

2. Hudson v. United States, supra; 2 Hawkins, supra; see, also 51 Yale L.J. 1255.

3. Rule 11, Fed.R.Crim.Proc., 18 U.S.C.A.

upon a conviction by a plea of guilty or upon a verdict. Hudson v. United States, supra.

■ The plea of nolo contendere has been accepted by Federal and State Courts in most types of crimes.[4] Though it does not constitute an admission of guilt in subsequent actions, it is of no help to a defendant if the conviction (regardless of how obtained), rather than admission of guilt, is the basis for the subsequent action.[5] The plea has been accepted in some anti-trust actions for the reason that proof in such actions is difficult and that the borderline between legal and illegal action has been frequently blurred. Moreover, in many of such cases there is an absence of moral turpitude.[6]

A plea of nolo contendere has advantages to a criminal defendant and, like a plea of guilty, it is also beneficial to the Government in dispensing with the necessity of a trial. While it is in the discretion of the Court to reject or accept such a plea, no criteria have been established to guide the Court in the exercise of this discretion. In United States v. Jones, D.C.Cal.1954, 119 F. Supp. 288, 290, it was stated that the Court will ordinarily allow such a plea to be entered "in the absence of some reason why a defendant should not have the benefit of the plea". No other authorities have been found to support this liberal approach.

■ Although the general policy of this Court is hostile to the acceptance of such a plea, circumstances surrounding the event and the condition of the defendant frequently make a strong appeal to the exercise of the Court's discretion. Today increasing attention and study is being directed to mental disorders and abnormalities in determining responsibility for criminal behavior and new theories are being developed as to the causative effect of such illness upon criminal conduct. While this Court has not accepted the "Durham test"[7] in the trial of a criminal action, mental disorder and abnormality existing at the time of the act charged appears to be a just and equitable reason for accepting a plea of nolo contendere. This circumstance does not represent an appeal to the sympathy of the Court as suggested by the prosecution; it does, however, indicate a condition where there may be a failure to fully and clearly recognize the consequences of a criminal act and the moral turpitude involved. Such a condition differentiates this defendant from ordinary defendants and should receive consideration upon a plea of nolo contendere. In view of the medical history of the defendant, this Court has therefore decided that he should be afforded such benefits as may accrue from such a plea. Accordingly, defendant's plea of nolo contendere is hereby accepted.

4. State ex rel. Gehrmann v. Osborne, 1911, 79 N.J.Eq. 430, 82 A. 424 (abortion); Teslovich v. Fireman's Fund Ins., 1933, 110 Pa.Super. 245, 168 A. 354 (arson); Orabona v. Linscott, 1928, 49 R.I. 443, 144 A. 52 (assault); Farnsworth v. Sanford, D.C.Ga., 1940, 33 F.Supp. 400 (espionage); Collins v. Benson, 1923, 81 N.H. 10, 120 A. 724 (larceny); Johnson v. Johnson, 1911, 78 N.J.Eq. 507, 80 A. 119 (rape).

5. United States ex rel. Bruno v. Reimer, 2 Cir., 1938, 98 F.2d 92; People v. Daiboch, 1934, 265 N.Y. 125, 191 N.E. 859; United States v. Dasher, D.C.Pa. 1943, 51 F.Supp. 805; Neibling v. Terry, 1944, 352 Mo. 396, 177 S.W.2d 502, 152 A.L.R. 249.

6. See, 1957 New York State Law Revision Commission Reports 315, wherein it was recommended that a director of a corporation be entitled to indemnification for litigation expenses. The recommendation provided that there would be no indemnification upon a plea of guilty, but that it would be available upon a plea of nolo contendere "if the court to which application for assessment of expenses is made determines that under the circumstances the conduct of the director, officer or employee merits such indemnity."

7. Durham v. United States, 1954, 94 U.S. App.D.C. 228, 214 F.2d 862, 45 A.L.R. 2d 1430; see, also, Blocker v. United States, D.C.Cir.1959, 274 F.2d 572.