### UNITED STATES of America,

v.

### CHIN DOONG ART, a/k/a Arthur Lem et al., Defendants.

### No. 60–Cr.–8.

United States District Court
E. D. New York.

May 5, 1961.

See also D.C., 180 F.Supp. 446.

States; William A. Paisley, Sp. Asst. to Atty. Gen., Victor C. Woerheide, Atty., Dept. of Justice, Washington, D. C., Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Waldman & Waldman, New York City, for defendant Arthur Lem; Louis Waldman, New York City, of counsel.

BARTELS, District Judge.

This is an application by the defendant Chin Doong Art, a/k/a Arthur Lem, to enter a plea of *nolo contendere* to the first count of the indictment, alleging a conspiracy to violate the Criminal Code of the United States with respect to the entry, residence and citizenship of the defendant and others. The case against this defendant and others on the first and several other counts in the indictment was tried last year and the trial extended over a period of eight weeks, resulting in a deadlocked jury.

In support of his application defendant argues that a new trial would involve many additional witnesses on both sides; that the result would depend upon oral testimony mostly in a foreign language involving Chinese family genealogy; that even if an acquittal were obtained, it would not be conclusive because defendant would be subjected to further prosecution under two other counts which had been previously severed from the first count; that he was a prominent and useful citizen and named "Man of the Year" by the Town of Hempstead in 1958; that a plea of guilty would result in a loss of face not only to him but also to the Chinese community of which he has been a prominent figure; that such a plea would be prejudicial to him in a subsequent civil proceeding before the Immigration and Naturalization Service; and that no useful purpose would be served by a plea of guilty, whereas defendant would be spared harsh and unnecessary results by a plea of *nolo contendere*.

The Government opposes acceptance of this plea and argues that the co-defendant Chin Suie Tung has already entered a plea of guilty to count one and is available to the Government as a witness,

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, Brooklyn, for United

and that four other alleged co-conspirators (not named as defendants herein) have entered pleas of guilty to charges of perjury before the Grand Jury; that today it is in a better position than ever to retry the case because it has many more witnesses; that since the defendant is an alien he would be subjected only to the administrative proceeding involving the cancellation of his citizenship certificate, with respect to which the proof and procedure would be the same whether or not he pleaded *nolo contendere;* that there are no extraordinary and exceptional circumstances present to justify the acceptance of a plea of *nolo contendere* and that to do so would be against the public interest and would breed contempt for Federal law enforcement.

■■ There can be no question that this Court may, in its discretion, accept or reject the tendered plea (Fed.Rules Crim.Proc., 18 U.S.C.A., rule 11). Such principles as there are to guide it in the exercise of its discretion have been enunciated in many cases and need not be repeated here.[1]

■■ In this case a plea of *nolo contendere* would probably be benficial to the defendant as far as his standing in the community is concerned and perhaps in other respects. This, however, is not the test. The Court must decide whether the circumstances of the case are so exceptional as to appeal to a favorable exercise of its discretion. Against such circumstances it must weigh the public interest which in the final analysis is paramount. As previously indicated, the policy of this Court has not been favorable to the acceptance of a plea of *nolo contendere,* unless the situation is an extraordinary one. Even then the interest of the public cannot be ignored. The presence of moral turpitude in the charge, as in this case, is often a factor in the determination. However, it has never been held that the nature of the

proof to be advanced is relevant since such consideration by the Court might involve an investigation into the issues, the materiality of the proof and to some extent, the merits of the case, which are obviously beyond the scope of this application. Further, any difficulty in proof in this case imposes a greater burden upon the United States Attorney, who has the responsibility of deciding the Government's chance of success in determining the advantage to the Government of dispensing with the trial by consenting to the plea. Acting upon the recommendation of the Attorney General, the United States Attorney has most vigorously opposed the acceptance of this plea. Consequently, the defendant's statement that the previous trial resulted in a hung jury and that the case depends upon oral testimony, loses most of its appeal.

■■ The fact that the case is a difficult and protracted one for the defendant does not *per se* present an exceptional circumstance for this plea, because again the burden is upon the Government to prove its case beyond a reasonable doubt. While the fact that the defendant had a good record in the past and is a prominent man who would lose face by a plea of guilty must be considered in his favor, it cannot override more important interests. Some question has been raised about the collateral effect of a plea of guilty as opposed to a plea of *nolo* in this case, but it is very doubtful whether a plea of *nolo* would offer the defendant any advantage in subsequent administrative proceedings involving his citizenship certificate. It is true that although one item alone may not be sufficient, all the circumstances related by a defendant when taken together may present a picture of exceptional hardship, justifying the acceptance of the plea. The Court, however, cannot reach a conclusion without at the same time considering the other factors militating against the acceptance of such a plea. After careful consideration of all the arguments and

---

1. See, United States v. Standard Ultramarine & Color Co., D.C.N.Y.1955, 137 F.Supp. 167; United States v. Jones, D.C.Cal.1954, 119 F.Supp. 288; United States v. Bagliore, D.C.N.Y.1960, 182 F. Supp. 714.

particulars, the Court is of the opinion that it cannot accept a plea of *nolo* in this case.

The primary purpose of accepting a plea of *nolo* is to promote the administration of justice. This means justice not only for the defendant but also for the public. The Court cannot permit its action with respect to a plea of this type to breed contempt for law enforcement. After acceptance of a plea of guilty from the co-conspirator (who is now available as a witness for the Government) and the pleas of guilty from the other defendants, it would not only be discriminatory and incongruous but would reflect upon law enforcement generally if the Court accepted a plea of *nolo contendere* from the most prominent of the two defendants. Therefore, the application is denied.