**UNITED STATES of America**

v.

**Beale J. FAUCETTE, Defendant.**

United States District Court
S. D. New York.

Nov. 8, 1963.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for the United States, Thomas F. Shea, Asst. U. S. Atty., of counsel.

Richard Owen, New York City, for defendant, Richard Owen, James R. Zuckerman, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

In a four count information filed by the United States Attorney on March 26, 1963, defendant Faucette is charged with wilful failure to file individual income tax returns for the years 1956, 1957, 1958 and 1959, as required by 26 U.S.C. §§ 6012(a) and 6072(a), in violation of 26 U.S.C. § 7203. He now moves for leave to withdraw his plea of not guilty to the information and enter a plea of nolo contendere. The United States Attorney opposes his application.

A plea of nolo contendere can be entered only with the consent of the court and an application for leave to enter the plea is addressed to the court's discretion. Rule 11, F.R.Cr.P.; Mason v. United States, 250 F.2d 704, 706 (10 Cir. 1957). It has been said that courts are "hostile" to the plea. See United States v. Bagliore, 182 F.Supp. 714, 716 (E.D.N.Y.1960). Whether this be so or not, they are at least reluctant to accept it unless "the circumstances of the case are so exceptional as to appeal to a favorable exercise of [the court's] discretion." United States v. Chin Doong Art, 193 F.Supp. 820, 822 (E.D.N.Y.1961). The test to be applied is whether acceptance of the plea would be in the interest of sound administration of justice. United States v. Standard Ultramarine & Color Co., 137 F.Supp. 167 (S.D.N.Y.1955).

Defendant was a successful business executive in a company which manufactured and sold seamless knitting machines and had developed a large market for such machines among manufacturers of seamless nylon hosiery for women. According to his counsel he was "eminently successful" in so doing. During 1955 defendant reached the age of 65, the normal age of retirement in his company, but was persuaded to remain active and to continue to direct the marketing of this machine, with most successful sales results, until 1961 or 1962.

He failed to file individual federal income tax returns on time for 1955 and for the years 1956, 1957, 1958 and 1959, covered by the information. During these years he had substantial income tax liabilities above the amount of salary withheld by the company. For example, defendant admits a delinquent tax liability of $8,896.75 in 1956 which was not paid until April 1963 on advice of counsel, and his delinquent tax liability in 1957 was $9,285.77, which was not paid until 1960.

The Government claims that when the 1955 return, which showed a small credit to be applied against the 1956 tax, was due, the defendant had for the first time substantial capital gains and thus substantial taxes over and above the amount

of his withholding. At that point he failed to file his 1955 return as required, and also his 1956 declaration of estimated tax. He had previously filed both declarations of estimated tax and returns regularly. All this is not controverted.

Defendant filed no returns or declarations of estimated tax until June 9, 1960, after he had received his initial delinquency inquiry from the Government. At that point he engaged an accountant to bring his tax affairs up to date. In the interim he had requested extensions of time for filing the 1955, 1957 and 1958 returns, though what action was taken on such requests does not appear. During at least part of this period (1955 and 1956), it appears that he was in default on his state income taxes also. He apparently straightened out these difficulties in 1957, but did nothing to cure the federal income tax picture until he received the delinquency notice from the Government in 1960. During the entire period when he was in default he was outstandingly successful in his business activities.

It is claimed that he was aging and preoccupied with company affairs. However, a report of a psychiatrist submitted in support of his application here shows no impairment of faculties and indicates that in fact he was over-conscientious and over-meticulous in his attention to detail in business affairs.

There is no indication that he was prematurely aged at 65 when he presumably would be in full possession of his faculties, and perhaps close to the peak of his powers. This appears to be confirmed by his business record during this period.

I am not impressed by the argument that defendant's immersion in the business affairs in which he was so successful can be considered as any excuse for failure to comply with his obligations as a taxpayer, particularly when such failure appears to have coincided with a substantial increase in tax liabilities.

This is not an example of an isolated instance of failure to file for a single year, but of a continuing and consistent course of conduct which was no mere coincidence.

It is true that defendant had a blameless record up to the time when the offenses charged here began. He was undoubtedly well-liked and respected by his business associates. These are among the factors which may be taken into consideration by the court in determining whether a plea of nolo contendere should be permitted, but they must be weighed against the other factors present in the case, including the circumstances under which the offenses charged were committed, the length of time they continued and the likely motivations for them.

The impression left with the court is of a man more concerned with business success than with his obligations to the Government, who may well have had motivations for ignoring the latter. It does not appear to me that he is entitled to special consideration and, indeed, were such consideration given him under the circumstances shown here it might well serve to weaken the deterrent effect of the penal provisions for the violation of federal income tax laws.

■■ One further point merits brief discussion. A plea of nolo contendere enables the defendant to admit his guilt without being estopped in a subsequent civil action to deny the facts on which the criminal prosecution is based. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347 (1926); United States v. Bagliore, supra. It does not in any way limit the sentence which might otherwise be imposed by the court on a plea of guilty. Hudson v. United States, supra; United States v. Consentino, 191 F.2d 574 (7 Cir. 1951); United States v. Bagliore, supra.

Apparently substantial questions remain open between the defendant and the Government as to his liability for civil tax penalties though no litigation has yet been commenced in that connection. The wilfulness of defendant's conduct is not only an issue in this criminal action but would also be an issue in any civil

action brought against him by the Government under § 6651(a) of the Internal Revenue Code. Under that section failure to file a return on the date required may subject the taxpayer to a delinquency penalty of up to 25% of the amount of the tax, unless he shows that such failure was due to a "reasonable cause" and not to "wilful neglect."

Plainly one of the principal reasons why the defendant seeks leave to plead nolo contendere here is to avoid any estoppel against him on the question of wilful neglect in a prospective civil tax litigation, and to better his bargaining position in his present negotiations with the Government. I do not see any good reason why under the circumstances here such relief should be afforded him.

While a major purpose of the plea of nolo contendere is to avoid estoppel in related civil litigation, the fact that such estoppel may exist is not sufficient reason for granting leave so to plead. Such leave should not be granted in the absence of exceptional circumstances which appeal to the court's discretion and such circumstances have not been shown to exist here.

If defendant chooses to contest the issue in this prosecution he is plainly at liberty to do so. If he does I see no reason to suppose that any very long or complicated trial would result or that there would be any undue burden or expense to the Government in trying the case. While considerations of that nature have been held to bear on the question of whether or not the plea should be permitted, see, e. g., United States v. Cigarette Merchandisers Association, 136 F.Supp. 212 (S.D.N.Y.1955); United States v. Standard Ultramarine & Color Co., supra; United States v. Safeway Stores, Inc., 20 F.R.D. 451 (N.D.Tex. 1957), such considerations are not of significance here.

The defendant's motion for leave to plead nolo contendere is in all respects denied.

It is so ordered.