UNITED STATES of America

v.

Michael HOUSEMAN, Defendant.

No. 71 Cr. 623.

United States District Court,
S. D. New York.

Sept. 22, 1971 and
Dec. 23, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for the United States of America; George E. Wilson, Sp. Asst. U. S. Atty., S. D. N. Y., of counsel.

Alfred Lawrence Toombs, New York City, for defendant.

METZNER, District Judge.

The defendant, Michael Houseman, moves to dismiss the indictment on the ground that he is currently registered under the Military Selective Service Act of 1967.

The defendant was indicted on June 14, 1971, pursuant to 50 App. U.S.C. § 462(a), for refusal to register with the Selective Service. On November 21, 1969, his eighteenth birthday, the defendant had sent a letter to his local draft board stating that he was refusing to register for the draft even though "I realize that I am required by the Military Selective Service Act of 1967 to 'submit to registration' within five days of my birthday." At the time, defendant was a student at Brandeis University and would have been entitled to a II-S student deferment. At present defendant is still a student at Brandeis and remains eligible for a student deferment. Defendant based his refusal to register on conscientious objections.

After the indictment was filed, defendant's attorney advised him to register with his draft board and seek redress within the Selective Service system as a conscientious objector. On the basis of this advice, defendant registered with Local Board No. 17, Cambridge, Massachusetts, on June 18, 1971.

The defendant argues that the government has in no way been prejudiced by his refusal to register since at the time of his eighteenth birthday up until the present date he has been eligible for a student deferment and therefore could not have been drafted even if he had registered. Thus, the defendant claims, the indictment should be dismissed.

The question for the court is simply whether at the time of his refusal to register the defendant was under a legal duty to register. If he was and wilfully and knowingly failed to perform

that duty, then a crime was committed. See Palmer v. United States, 401 F.2d 226 (9th Cir.1968); United States v. Holmes, 426 F.2d 915, 918 n. 2 (2d Cir. 1970).

Although the defendant may have sincere conscientious objections to submitting to the draft or serving in the military, he must seek his remedies within the legally prescribed channels. It is clear that the defendant had an obligation to register with the Selective Service and that he was aware of that obligation when he refused to register. It also appears that defendant had legal advice before the indictment was filed. The fact that he first registered after the threat of criminal prosecution crystallized does not vitiate any crime which might have been committed earlier by his failure to register. Any other result on the facts of this case would remove any sanctions for deliberate violation of the law.

The motion is denied.

So ordered.

## ON MOTION FOR PERMISSION TO ENTER PLEA OF NOLO CONTENDERE

This is a motion pursuant to Rule 11, Fed.R.Crim.P., requesting the court to consent to the entry of a plea of nolo contendere.

In passing upon a request of this nature, mitigating circumstances and the sound administration of justice are the important factors to be considered. 8 Moore, Federal Practice 11–93, 11–94 (2d ed.1970); United States v. Standard Ultramarine & Color Co., 137 F.Supp. 167, 172–173 (S.D.N.Y.1955). The government has vigorously opposed this motion and while its objection is in no way binding upon this court, it must be given some consideration. Compare, United States v. Kennedy, 1 S.S.L.R. 3178 (D.D.C.1968).

Sufficient mitigating circumstances have been found where the defendant had an extensive background of psychiatric disorders, but was found competent to stand trial, United States v. Bagliore, 182 F.Supp. 714 (E.D.N.Y. 1960), where a codefendant's involvement in anti-trust violations was significantly less extensive than that of the other defendants, United States v. Engelhard-Hanovia, Inc., 252 F.Supp. 605 (S.D.N.Y.1964), and where a Jehovah's Witness, after registering for the draft, refused to follow the directives of the Selective Service, but indicated that he would comply with the court-ordered conditions of his probation regarding the same noncombatant service. United States v. Kennedy, *supra*. In the instant case the defendant knew of his obligation to register, and that he was violating the law by refusing to do so. He was aware of the grand jury investigation and had the benefit of counsel before the indictment was filed. He created the confrontation and forced the government to prosecute. Only then did he register. This conduct does not call for the favorable exercise of the court's discretion on the application to accept a nolo plea.

The defendant states that his moral opposition to the Selective Service system prevents him from asserting certain unnamed defenses to the indictment or entering a plea of guilty. It is claimed that because of defendant's moral dilemma, sufficient circumstances exist that would allow this court to consent to the entering of a nolo plea. See United States v. Chin Doong Art, 193 F.Supp. 820 (E.D.N.Y.1961); United States v. Bagliore, *supra*.

That this court may impose the same penalty upon the defendant after a plea of nolo contendere as after a guilty plea or a similar finding after trial is clear beyond doubt. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 474, 71 L.Ed. 347 (1926).

The only potential benefit claimed by this defendant is a slight decrease in the public dishonor that comes from a guilty plea or conviction after trial. As important as this may be to the defendant, it alone does not constitute sufficient reason for the court to favorably exercise

its discretion. United States v. Chin Doong Art, *supra*.

If the defendant were to plead guilty, all he would be doing is admitting the existence of certain facts. Then the court, by allocution, determines whether the admitted facts constitute a violation of law. The defendant would be in no way admitting that the law was just or that he agreed with the workings of the Selective Service system. There is no moral distinction between a plea of guilty and a plea of nolo contendere. Furthermore, defendant's moral position has been weakened since he has registered with the Selective Service subsequent to this indictment.

Motion denied. So ordered.