(No. 30371.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH WILLIAMS, Plaintiff in Error.

*Opinion filed March 18, 1948.*

JOSEPH WILLIAMS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and C. W. BURTON, State's Attorney, of Edwardsville, (A. AUSTIN LEWIS, of Granite City, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

An indictment returned in the circuit court of Madison County charged plaintiff in error with the crime of murder. He was held without bail and ten days later was taken before the court for arraignment and plea. He was furnished with a copy of the indictment and list of the witnesses and jurors. The same day he pleaded guilty and was sentenced to the penitentiary for life. The record does not disclose that there was compliance with section 4 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1947, chap. 38, par. 732,) which provides that the court hear evidence in aggravation and mitigation of the offense where, on a plea of guilty, he has any discretion as to the extent of the punishment.

In October, 1947, a writ of error was sued out of this court by plaintiff in error to review the common-law record of his conviction. The only error assigned is that the plea of guilty was accepted without the appointment of counsel, thereby depriving him of due process of law as guaranteed

by the fourteenth amendment. The judgment shows plaintiff in error's presence in court, that he was furnished with a copy of the indictment and list of witnesses and jurors. After a recital as to such facts, it contains the following: "and for a plea says that he is guilty of the crime of Murder in manner and form as charged in the indictment. And the Court fully advises and admonishes him of the consequences of making such a plea still he persists therein, Whereupon the Court being fully advised in the premises doth find and adjudge him guilty of the Crime of Murder in manner and form as charged in the indictment and doth find the age of defendant Joseph Williams to be 44 years, And the Court being now fully advised of the facts in this case on the said plea of guilty of the said defendant, Joseph Williams, It is ordered by the Court that the said defendant, Joseph Williams be sentenced to the Southern Illinois Penitentiary at Chester, Illinois, for the period of his natural life and there to remain until discharged according to Law." Following the foregoing judgment in the record there is what purports to be a second judgment. It was entered the same day as the preceding one and contains more details as to the sheriff's execution of the judgment than does the first. However, the parts pertinent to this inquiry omit recitals as to explanation to plaintiff in error of the consequences of his plea of guilty and furnish no support to the judgment against the attack made. It does not appear that the question now presented was raised by a motion and evidence, so under such circumstances the validity of the judgment rests on what appears on its face.

This being a capital case, it is necessary to distinguish the principles applicable to this class of cases and those which apply to noncapital offenses. For rules governing the appointment of counsel for an accused, see *People* v. *Wilson, ante,* p. 437. By the amendment of 1929 to section 2 of division XIII of the Criminal Code (Laws of

1929, p. 344,) the General Assembly made a distinction between the two classes of cases. It was pointed out in the *Wilson case,* that an accused charged with a noncapital offense had a right to have counsel appointed to assist him, which right could not be denied, but that there was no duty on the court to advise him of such right unless there were circumstances showing he was not sufficiently competent to know of the right or how or when to claim it.

The pertinent part of the amendment of 1929 is: "Whenever it shall appear to the court that a defendant or defendants indicted in a capital case is or are indigent and unable to pay counsel for his or her defense, it shall be the duty of the court to appoint one or more competent counsel for said defendant or defendants." Then follows provision for the payment from public funds of compensation for the services of counsel appointed to such indigent defendants.

Observance of the statute imposes two duties on the court, if the defendant appears without counsel. First, he must ascertain whether the accused is unable to employ counsel and if it is found that he is indigent, then the command of the statute is that "it shall be the duty of the court to appoint one or more competent counsel."

The judgment contains the recital that the court had fully advised and admonished defendant "of the consequences of making such a plea" but there is nothing in the record indicating that there was any explanation to the defendant of his right to counsel or any inquiry made to ascertain whether he was able to employ his own counsel. There is nothing in this record from which an intendment can be drawn showing that the court complied with the statute. The statute is explicit in the command, and if a defendant charged with a capital offense is found to be indigent the court must appoint counsel to aid him, unless the defendant waives the right to counsel. The condition on which a waiver may be accepted is that it shall represent

a competent and intelligent act by one having a full knowledge of his right to counsel. If, on the inquiry to ascertain whether the defendant is indigent, it is found that he is able to procure counsel of his own selection, then such defendant should be given full opportunity to make such selection, or if he does not want the assistance of counsel, then it must appear that he understandingly waived his right to have counsel.

For the reasons assigned, the judgment of the circuit court of Madison County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*