PER CURIAM.
The appellant, who was charged, tried, and convicted of armed robbery in 195S by the Circuit Court for" Volusia County, has appealed from an order entered by that court denying without prejudice his. motion to vacate and set aside his judgment and sentence on the ground that he had been denied his constitutional right to the assistance of counsel at the trial. His motion was filed pursuant to Florida Criminal Rule No. 1, F.S.A. ch. 924 Appendix.
The appellant’s motion to vacate contains sufficient allegations to show that he needed counsel at his trial and that he had not competently and intelligently waived his right to counsel, but the said motion contains no allegation to the effect that he was indigent at the time of the trial and unable to pay for counsel. The absence of such an allegation is given by the Circuit Court as its principal reason for denying the said motion. We think the court was correct in this ruling.
As we recently held in Savage v. State, Fla.App., 156 So.2d 566, a showing of the accused’s indigency is a prerequisite to the right to court-appointed counsel, that such right “does not extend to a person financially able to employ his own counsel.”
The necessity of an allegation in the appellant’s motion to vacate that he was indigent at the time he needed and was *670 denied counsel, is something more than a mere technicality, for such indigency is a basic essential of the constitutional right to counsel, as we construe the numerous state and federal decisions on this subject, including the recent landmark decision of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In any event, the Circuit Court’s denial of the appellant’s motion was “without prejudice,” so he was given a fair opportunity to amend his motion by adding the omitted allegation.
Affirmed.
STURGIS, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.