401 P.2d 775

STATE of New Mexico, Plaintiff-Appellée,

v.

Kenneth Lee POWERS, aka Kenneth Lee Flowers, Defendant-Appellant.

No. 7702.

Supreme Court of New Mexico.

May 3, 1965.

Earl E. Hartley, Atty. Gen., Thomas A. Donnelly, George Richard Schmitt, Asst. Attys. Gen., Santa Fe, for appellee.

Gordon L. Gay, William W. Osborn, Roswell, for appellant.

COMPTON, Justice.

Appellant was sentenced to life imprisonment in the state penitentiary as a habitual criminal under the provisions of § 40A–29–5, 1953 Comp., and he appeals, asserting that his constitutional rights have been violated.

On December 11, 1962, in cause number 6628, Chaves County, the appellant entered a plea of guilty to an information under § 40–45–19, 1953 Comp., charging embezzlement of property in excess of fifty dollars and was thereupon sentenced to a term of not less than seven years nor more than 10 years in the state penitentiary. Thereafter, on December 2, 1963, this sentence was vacated by the trial judge as improper. On December 5, 1963, an information was filed in said cause charging the appellant with five prior felony convictions in which he had entered pleas of guilty. The appellant waived proof as to his identity and by stipulation of counsel the question as to the validity of former convictions was tried to the court without a jury. The decisive question before the trial court and on appeal is whether appellant was an indigent when he made his former pleas of guilty.

Before proceeding to trial, appellant moved to quash the information on various grounds, "or in the alternative to grant defendant a hearing," on constitutional questions. The motion to dismiss was denied and the court proceeded with the hearing as requested to determine the validity of all prior convictions. At the conclusion of the hearing the court found that appellant he was an indigent or that he was not aware failed to make any showing whatever that of his right to court-appointed counsel, or of his right to employ counsel at the time of his arrest, trial, conviction and sentencing of any of the crimes charged in the habitual information. The court also found that on two occasions when he entered pleas

of guilty he was represented by self-employed counsel. The court also found that appellant made no showing whatever that former pleas were not knowingly and intelligently made. These findings have not been attacked.

While appellant testified at length, his testimony was limited solely to a showing that he was not represented by counsel in some of the prior felony cases in which he had entered pleas of guilty. Not once did he testify that he was an indigent or that his pleas of guilty were not intelligently and understandingly made or that he was denied an opportunity to employ counsel. His failure to show indigency was brought to his attention by the remarks of the court immediately following the hearing. The court said:

"THE COURT: Motion is denied. On the facts, Gentlemen, the Court will find that this Defendant is the same person who was shown by the Court Records to have been convicted of the various offenses set forth in the Information filed under the Habitual Criminal Act; that the record in each of those cases shows the commission of an offense which was either a felony in the State of New Mexico, or which would have been a felony if the crime had

been committed here. The Court will find that there is no proof whatever showing the Defendant to have been an indigent or unable to procure attorneys; at the time of his arrest, trial and conviction of any of the crimes charged in the Information. The Court will find that in the crime charged in Eddy County, New Mexico, committed there as shown by Exhibit Number 5, that the Defendant was represented by attorneys, first by Mr. James Warden and later by S. Morton Rutherford, both of whom were employed by the Defendant as attorneys of his own choice. Now, in the absence of any proof as to inability to obtain his own attorney, the Court feels that no successful attack has been made on any of the prior convictions. * * *"

We subscribed to the principle that a showing of an accused's indigency is a prerequisite to the right of court-appointed counsel. Savage v. State, Fla.App., 156 So. 2d 566; Beeson v. State, Fla.App., 159 So. 2d 669; Glenn v. United States, 5 Cir., 303 F.2d 536. In the latter case the court said:

"Weighing the facts, we have concluded that Everitt's right to counsel at these two trials was not violated. We affirm the ruling of the trial judge that

as a matter of financial standing Everitt was not entitled to appointed counsel. Under Johnson v. Zerbst, 1937, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 counsel must be provided for defendants who cannot provide for their own defense, *but this duty is generally limited to the indigent and needy. The public is not obliged to provide free legal help for a defendant who is earning sufficient income to provide his own. Whether a person is financially unable to hire his own lawyer is a factual question that lies primarily in the province of the district court. * * *"* (Emphasis supplied.)

We find no invasion of appellant's constitutional rights, either federal or state.

As a second point it is urged that the sentence imposed should be given effect as of December 11, 1962, the date he entered a plea of guilty. This point requires no discussion. The court by an appropriate order has corrected the sentence to read accordingly. See Sneed v. Cox, 74 N.M. 659, 397 P.2d 308.

The judgment should be affirmed, and it is so ordered.

CHAVEZ and NOBLE, JJ., concur.