Mr. Justice Day
delivered the opinion of the Court.
This is an original proceeding in which the petitioner seeks both a writ of prohibition and writ of mandamus. We will refer to him by name.
*230 Elliott was ordered by the court to employ his own attorney and be ready for trial on April 20, 1965. The court stated that if by that time he had not employed counsel he would be ordered to represent himself. We issued orders to the district court to show cause why it should not be prohibited from proceeding to trial of the criminal case pending against Elliott on April 20, and further, to show cause why the court should not appoint counsel to represent Elliott.
On December 2, 1964, Elliott was charged in the district court with the crime of larceny and his bail was set at $1500.00. At the date set for arraignment, Elliott, under oath, showed to the trial court a condition of indigency, requested appointment of counsel to represent him, and was assigned counsel. At that time he was incarcerated in the county jail in lieu of bond. Petitioner had spent a period of more than five weeks in jail when his wife, who at the time of his arrest was in another state, came to Colorado, obtained employment as a waitress, and made arrangements with a professional bondsman to post the $1500.00 bond for defendant. In a manner not disclosed by the record, it appeared that Elliott’s father-in-law assisted his daughter in the bond arrangements by agreeing to indemnify the professional bondsman in case of default.
At one of the subsequent appearances of the defendant, the court was informed by court-appointed counsel that the family was arranging bond, whereupon the court said: “Well, certainly, the defendant will be permitted to make a surety bond, Mr. Geer. But if he is able to do so, he will have to make arrangements for his own attorney and not at the public’s expense. * * *” The court then ordered “The appointment of Mr. Edward Geer by the Court to represent Mr. Donald Duane Elliott will be vacated and held for naught, and Mr. Elliott will be required to obtain his own counsel at his own expense.”
The record discloses that the matter was continued *231 from time to time at intervals of about two weeks, at which appearances Elliott was ordered to report to the court all his efforts to employ counsel. The record shows that Elliott represented to the court that he was depending upon obtaining some equity in the sale of a business he owned in Arizona prior to his arrest, and that he also had some expectation of receiving a refund on his income tax. Finally, on February 17, 1965, one of the dates set for Elliott to report his progress in obtaining counsel, he filed with the court a motion pro se, asking the court to appoint counsel to represent him. In his motion he stated he had attempted to secure counsel to represent him but was unable to do so because he “had no money, property or credit to pay for such services.” The evidence before the court sustains Elliott’s verified motion that he is indigent. We therefore hold he is entitled to appointment of counsel.
The cause is remanded to the trial court with directions to appoint counsel to represent Elliott and to reset the trial date at a time sufficient to enable counsel adequately to prepare for the trial.
The rule is made absolute.