417 P.2d 58

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Leo ANAYA, Defendant-Appellant.**

**No. 8069.**

Supreme Court of New Mexico.

July 18, 1966.

Joseph A. Roberts, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Paul J. Lacy, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

A jury found defendant guilty of violating § 54-7-14, N.M.S.A.1953. He was sentenced to a term in the state penitentiary and was fined. At the trial he was not represented by an attorney. His appeal raises two issues: (1) that he was not permitted to show his indigency and (2) that the trial court erred in failing to appoint counsel to represent him.

Defendant was arraigned on April 17, 1964. The district judge presiding at his arraignment inquired into defendant's ability to hire a lawyer and ruled that he could hire a lawyer if he wanted one. On May 7, 1964, defendant disqualified the district judge who presided at the arraignment.

Some time between the arraignment and December 8, 1964, a trial was held. The jury could not agree on a verdict and the court declared a mistrial. The record does not show whether defendant was represented by an attorney at this first trial.

Defendant was found guilty at a trial held on December 8, 1964. At this second trial the district judge presiding informed the jury panel that defendant would not be represented by an attorney and that the court had determined that it was not under any duty to appoint counsel. The record does not show that defendant raised the question of indigency at this time. The record does not show that any claim as to indigency was raised subsequent to the inquiry made at the time defendant was arraigned.

Under the first issue, defendant asserts that we must distinguish between the two judges who presided in his case. He asserts that "judge" and "court" are not synonymous. He does not deny that he was permitted to assert his indigency before the judge who presided at his arraignment. He claims that he should have been permitted to assert his indigency before the

second judge, that is, the one who presided at his trial.

■ The determination by the first judge that he was not entitled to court-appointed counsel was a determination of the court. In this case it was the court of the First Judicial District. The second judge who presided carried out his duties as the court of the First Judicial District. There is only one court. See § 16–3–2, N.M.S.A.1953. It was the court that inquired into his indigency. His claim then is that he was not permitted to assert his indigency a second time. If he wished the court to reconsider the matter, he should have brought it to the attention of the court. The record shows no question of indigency was raised subsequent to the inquiry made at defendant's arraignment. The second judge, sitting as the court, had no obligation to inquire into matters previously ruled upon, unless the matter were called to his attention.

When the trial court questioned defendant as to his ability to hire an attorney, defendant stated that he couldn't afford one. The court then questioned defendant as to what property he owned. Defendant's unsworn answers indicate that he had a trailer house, a lot on which it was situated and a car.

The trailer was purchased new in 1962 for a price of $7000. The unpaid balance was $2800. Defendant declared that he didn't own it because he was still making payments. The only testimony concerning the lot is that defendant owed on it. The car was purchased used for $1500, the purchase date is not disclosed. Defendant said he still owed "about $650" on it.

Prior to his arrest defendant had been working in California at $4.85 per hour. He was extradited from California to New Mexico. He hired a lawyer in California to fight the charges and paid a fee of $150 to the California lawyer. Defendant said he borrowed the money to pay this fee.

The trial court reasoned that defendant had an equity of at least $2000 in his trailer, that he had enough property and was sufficiently solvent financially to borrow the money to hire a lawyer.

Defendant informed the court that his family was going to be out on the street, that he couldn't afford to make the payments on the house trailer.

Article II, § 14 of the Constitution of New Mexico gives the accused the right to be defended by counsel. When the offense with which the defendant is charged is punishable by imprisonment in the penitentiary, the court is required to assign counsel "if the prisoner has not the financial means to procure counsel," § 41–11–2, N.M.S.A. 1953.

■ Compliance with the statute imposes two duties upon the court. First the court must ascertain whether the defendant is

without means to procure counsel. Second, if the court finds that defendant is financially unable to obtain counsel, he must then assign counsel to represent the defendant. See People v. Williams, 399 Ill. 452, 78 N.E. 2d 512, 3 A.L.R.2d 999.

■ Whether defendant has the financial means to procure counsel is a factual question. Glenn v. United States, 303 F.2d 536 (5th Cir. 1962). This factual question cannot be resolved without an adequate inquiry into the facts. In State ex rel. Barth v. Burke, 24 Wis.2d 82, 128 N.W.2d 422, it is stated:

" * * * The trial court's inquiry into his indigency was at best cursory, for upon eliciting the information that he had some undefined interest in property worth about $1,500, and subject to about $500 in encumbrances, the court found him to be not a pauper. Upon the record in the instant action the trial court's finding that Barth was not indigent was arbitrary and was made upon an inadequate determination of the facts."

■ The determination that defendant had the financial means to procure counsel was made on an inadequate determination of the facts. The fact that defendant had an undefined interest in three items of property and the fact that he was employed prior to his arrest is insufficient to determine the question of defendant's financial ability to obtain counsel.

Defendant stated to the court that he was going to lose his trailer and his family would be out on the street. This representation placed before the court the question of how defendant was purchasing the trailer, and whether his interest in the trailer was such that it could be used as security to borrow money for the purpose of employing counsel. The court's determination that defendant had a $2000 equity in the trailer does not support a conclusion that defendant could borrow money on the basis of that equity.

The difference between the $1500 purchase price of the car and the $650 owed does not support a conclusion that defendant could borrow money on the car. Again, there should have been inquiry as to how the car was being purchased, and whether defendant's interest in the car could be used as security for a loan. There was no inquiry of any kind as to the lot.

Once there are facts in the record showing defendant's interest in property, it would be for defendant to come forward with further facts showing that he had attempted to borrow money on the property and was unable to do so. If, as a fact, this defendant was unable to borrow money on his property, and he had no resources other than the property, the court could have rightfully determined, that he was without financial means to retain counsel. See Keur v. State, 160 So.2d 546 (Fla.1963); Rast v. State, 77 Fla. 225, 81 So. 523.

■ However, neither the ability nor the inability to borrow money is the sole criterion. Under § 41–11–2, N.M.S.A.1953, the question is whether defendant has the financial means to employ counsel. Borrowing ability is only one aspect of the defendant's "financial means."

■■ In resolving the factual question as to defendant's financial means, the defendant's answers should be under oath. See State ex rel. Barth v. Burke, supra. The factual question is not whether defendant ought to be able to employ counsel, but whether he is able to do so. Schmidt v. Uhlenhopp, 140 N.W.2d 118 (Iowa 1966).

The state argues that the burden of proof on the question of lack of financial means is upon the defendant, relying on State v. Powers, 75 N.M. 141, 401 P.2d 775. What the court said was: "We subscribed to the principle that a showing of an accused's indigency is a prerequisite to the right of court-appointed counsel."

■ The burden of proceeding rests first upon the defendant. It is proper for the trial court to require defendant to make a reasonable showing that he is unable to employ counsel. Schmidt v. Uhlenhopp, supra. Depending on the facts, more than one inquiry may be necessary. In Elliott v. District Court In & For City & County of Denver, 402 P.2d 65 (Colo.1965), the defendant informed the court that he had an expectancy of money. When the ex-pectancy failed to materialize, he brought it to the attention of the court at a later date.

■ When defendant makes a reasonable showing of indigency in support of his request for court-appointed counsel, the trial court has a duty under § 41–11–2, N.M.S.A. 1953, to inquire into the facts claimed by defendant. This does not require an independent inquiry by the court. It does require sufficient questioning by the court to enable the court either to decide the question of indigency at that time or to direct that defendant is to report further to the court on the question of obtaining counsel.

At the trial held in December 1964 the presiding judge informed the jury panel that:

"* * * The court is advised and has knowledge that the defendant is presently employed and has been for some time. Also, the court is informed and has determined as a matter of law that the defendant has other property, and that being the case the court is not under any duty to appoint counsel * * *."

There is nothing in the record to show on what facts the court based this conclusion.

We do not hold that defendant is an indigent. We do hold that there are insufficient facts in the record to support the conclusion of the court that defendant was not entitled to court-appointed counsel.

The case is remanded to the trial court with instruction to hold a hearing and make its determination whether or not the defendant was an indigent at the time of the trial. If, on the basis of the facts then presented, the court determines that the defendant was not entitled to court-appointed counsel, then the case will stand affirmed; otherwise the court shall grant the defendant a new trial and proceed in accordance with the opinion herein expressed.

It is so ordered.

CARMODY, C. J., CHAVEZ and NOBLE, JJ., and WALDO SPIESS, J., Court of Appeals, concur.