433 P.2d 498

STATE of New Mexico, Plaintiff-Appellee,

v.

James TANNER, Defendant-Appellant.

No. 8204.

Supreme Court of New Mexico.

Nov. 13, 1967.

J. S. McCall, Carlsbad, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

CHAVEZ, Chief Justice.

On April 25, 1963, James Tanner, defendant-appellant was charged with the crime of rape under counts I, II and III. Count IV charged him with contributing to the delinquency of a minor.

Appellant appeared for arraignment in the district court on May 7, 1963. He advised the court that he was unable to employ an attorney. The trial court advised appellant that the charges were serious and asked him if he desired the court to appoint an attorney for him, whereupon appellant stated that he desired to plead guilty to count I. The trial court refused to accept the plea and appointed an attorney to represent appellant. After consulting fully with his attorney, appellant again appeared before the court with his attorney and entered a plea of guilty to count I. The plea was accepted and, thereafter the trial court, upon motion of the district attorney, dismissed counts II, III and IV. Appellant was then sentenced to the minimum and maximum terms of imprisonment provided by statute.

On January 10, 1966, appellant filed a petition for a writ of habeas corpus which was denied. On March 13, 1966, appellant filed a motion to vacate or set aside the sentence. The motion was denied and this appeal followed.

Appellant's main contention is that he was entitled to be represented by counsel at the preliminary hearing. Appellant relies upon Pearce v. Cox, (10th Cir. 1965), 354 F.2d 884. However, that case recognized and followed the New Mexico rule that a defendant waives his right to a preliminary examination when he competently, understandingly and voluntarily pleads to an information, without challenging the information on the ground that he had not been accorded a preliminary examination.

This court has repeatedly held that a preliminary hearing is waived upon entry of a plea in the district court. State v. Darrah,

76 N.M. 671, 417 P.2d 805; State v. Blackwell, 76 N.M. 445, 415 P.2d 563. In Sanders v. Cox, 74 N.M. 524, 395 P.2d 353, we held that a preliminary hearing is waived upon entry of a plea in the district court and that, if the preliminary examination can be waived, the right to counsel at the preliminary hearing can also be waived. For the latest pronouncement on the question, see State v. Gibby, (filed October 2, 1967,) 78 N.M. 414, 432 P.2d 258.

Finding no error, the judgment of the district court is affirmed.

It is so ordered.

COMPTON, J., and WOOD, J., Court of Appeals, concur.