449 P.2d 663

**Leo ANAYA, Plaintiff-Appellant,**
**v.**
**STATE of New Mexico, Defendant-**
**Appellee.**
**No. 189.**

Court of Appeals of New Mexico.
Dec. 27, 1968.

Harold B. Albert, Payne & Albert, Albuquerque, for plaintiff-appellant.

Boston E. Witt, Atty. Gen., Warren O. F. Harris, Jesse F. Bingaman, Jr., Asst. Attys. Gen., Santa Fe, for defendant-appellee.

## OPINION

SPIESS, Chief Judge.

Defendant, Leo Anaya, has appealed from an order of the district court denying his motion under Rule 93 [§ 21-1-1(93), N.M.S.A. 1953 (Supp. 1967)] for relief from a judgment and sentence to imprisonment. He relies upon three points for reversal. The first relates to the sufficiency of the evidence upon which the trial court found that defendant was not an indigent and concluded that he was not entitled to court-appointed counsel at his trial held December 8, 1964. The second, as stated by defendant, is: "The Supreme Court for the State of New Mexico erred in remanding Cause No. 7543 (being the cause tried December 8, 1964) to the trial court for a hearing on appellant's indigency." The last point asserts that defendant's trial was "a sham, a farce and a mockery of justice, and was conspicuously absent of due process."

It appears that on December 8, 1964, defendant was tried by a jury and convicted of unlawful sale and possession of marijuana and sentenced to imprisonment. He thereafter appealed the conviction to the Supreme Court of the State of New Mexi-co. See State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966).

By the appeal to the Supreme Court defendant contended (1) that the trial court did not permit him to show his indigency, and (2) that the trial court erred in failing to appoint counsel to represent him. The appeal resulted in a remand to the trial court. The mandate instructed the trial court to hold a hearing and make a "determination whether or not the defendant was an indigent at the time of the trial." The mandate contains the additional direction "If, on the basis of the facts then presented, the court determines that the defendant was not entitled to court-appointed counsel, then the case will stand affirmed; otherwise the court shall grant the defendant a new trial * * *."

On November 30, 1966, the trial court, in accordance with the mandate conducted a hearing on the question of defendant's indigency at the time of trial December 8, 1964. The court found that defendant was not at that time an indigent and concluded that he was not then entitled to court-appointed counsel to conduct his defense.

The transcript of the proceedings of the trial held December 8, 1964, and the record of the hearing conducted by the trial court as required by the mandate were introduced in evidence by stipulation at the hearing upon the Rule 93 motion.

A review by us of the evidence is suggested by the claim that there is no substantial support for the finding of defendant's ability to retain an attorney, and by the claim of error in the conclusion that defendant was not entitled to court-appointed counsel at his trial.

Proceedings under Rule 93 being civil in nature are governed by rules of civil procedure, State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967); State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967). We consequently view the evidence in the light most favorable to support the finding, Gruschus v. C. R. Davis Contracting Company, 77 N.M. 614, 426 P.2d 589 (1967), and if the finding is supported by substan-

tial evidence it will not be disturbed on review. Allsop Lumber Co. v. Continental Casualty Co., 73 N.M. 64, 385 P.2d 625 (1963).

It is revealed by the evidence that from November 11, 1963 to February 26, 1964, defendant was employed as a roofer and during that period earned between $4.35 and $4.60 per hour. His net earnings during the period were $1,561.63. During the period July, 1964, to December 7, 1964, he was employed with substantial regularity and earned a net salary of $1,033.23. Prior to June 16, 1964 defendant had furnished an appearance bond in the amount of $2,328.00, executed by a corporate surety. He had furnished an appeal bond in the amount of $3,000.00 on January 7, 1965. At the time of trial in December, 1964, defendant had an equity of the value of $2,000.00 in a trailer home and a lot of the value of $400.00 free of liens and encumbrances. He, likewise, at the time had credit up to $1,000.00 with a commercial bank.

In our opinion, the foregoing facts furnish substantial support to the challenged finding. Consequently, the court did not err in concluding that defendant was not entitled to court-appointed counsel at the time of the December, 1964 trial.

The second point, which as we have stated, is a claim that the Supreme Court committed error in remanding cause No. 7543 to the trial court for a determination of indigency, does not, in our opinion, state a basis for relief under Rule 93. These postconviction proceedings are not intended as a substitute for a motion for rehearing or reconsideration of a decision or order of an appellate court, nor are they intended as a substitute for an appeal from a judgment or decision of a court exercising appellate jurisdiction. See Nieto v. State, 79 N.M. 330, 443 P.2d 500 (Ct.App. 1968); State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct.App. 1968); State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967).

It is finally urged that the trial which resulted in defendant's conviction was a "mockery of justice" and "resulted in a want of due process." We do not agree.

Our reading of the record of the trial convinces us that it was fairly conducted in accordance with prescribed judicial procedures. The trial judge on several occasions during the trial assisted defendant in examination and cross-examination of witnesses; and, further, upon his own motion excluded evidence which he considered objectionable.

Under this point defendant also argues that the trial court erred in permitting him to conduct his own defense without first inquiring into his background and competence. It is suggested that such inquiry would have revealed the fact defendant had only a sixth grade education and no trial experience, which facts defendant contends would have imposed a duty on the court to appoint defense counsel.

It is to be noted that defendant was not denied his right to be represented by counsel. He was financially able, as has been shown, to procure such representation. He was informed at the time of arraignment, April 17, 1964, of his right to counsel in his defense, and, further, that counsel would not be appointed for him. He thereafter appeared for trial December 8, 1964, electing to act in his own behalf and without assistance of counsel, which was clearly within his right. United States v. Plattner, 330 F.2d 271 (2d Cir. 1964); United States v. Cantor, 217 F.2d 536 (2d Cir. 1954). Compare Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

The trial court could not have compelled defendant to accept defense counsel. Reynolds v. United States, 267 F.2d 235 (9 Cir. 1959).

We further note since defendant was financially able to employ counsel in his defense he could not demand court-appointed counsel at public expense. State v. Powers, 75 N.M. 141, 401 P.2d 775 (1965).

The judgment should be affirmed.

It is so ordered.

OMAN, J., concurs.

ARMIJO, J., dissenting.

ARMIJO, Judge (dissenting).

As I view the record the evidence is so overwhelming in favor of indigency, that the rule which compels us to view the evidence in the light most favorable to support of findings does not apply. That rule should not be applied when it works to deprive the court of its power or relieve it of the duty to prevent a plain miscarriage of justice. Compare State v. Salazar, 78 N.M. 329, 431 P.2d 62 (1967).

State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966) remanded with instructions for the trial court to ascertain "* * * whether or not the defendant was an indigent at the time of the trial." To qualify for legal assistance as an indigent a person must not have "* * * the financial means to procure counsel. * * *" § 41–11–2, N.M. S.A. 1953.

Appellant's assets consisted of:

| | |
|---|---|
| ½ interest in trailer house stipulated value $2,100: | $1,050.00 |
| Unimproved lot | 400.00 |
| Automobile with damaged transmission | nominal value |

An estimate of his liabilities was:

| | |
|---|---|
| Bank loan ($500 balance on 1962 loan and $560 loan of April 1964 used principally to pay arrears on trailer payments and other outstanding bills). Approximately: | $1,000.00 |
| Due Finance Company on obligation secured by mortgage on above trailer house | $2,738.00 |
| Deficiency Judgment (following auto repossession) | 447.85 |
| Grocery Account | 85.00 |
| Tire Account | 60.00 |
| Medical Bills (amount not disclosed) | |

---

Appellant had two children by a previous marriage. The divorce decree required him to contribute $75.00 monthly for child support. He had been unable to contribute regularly because of limited means. He was living with another woman who had borne him three children. This is the family mentioned in State v. Anaya, supra. He was the sole support of this family.

Appellant had no borrowing ability as of the date State v. Anaya, supra, directed the determination to be made. Attorneys solicited to represent appellant required fees ranging between $500.00 and $1,500.00.

Appellant's earnings were approximately two hundred dollars per month during the five months preceding trial. It seems to me, such income would provide at most a bare existence for a family of five and could not be considered as financial means to procure counsel.

I dissent.