456 P.2d 878

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ernest MOSER, Defendant-Appellant.**

**No. 8646.**

Supreme Court of New Mexico.

June 30, 1969.

Manford W. Rainwater, Tucumcari, for defendant-appellant.

James A. Maloney, Atty. Gen., Roy G. Hill, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge, Court of Appeals.

Defendant was sentenced to life imprisonment as a habitual criminal. Subsequently, he applied to the district court for post-conviction relief under Rule 93 (§ 21–1–1(93), N.M.S.A.1953). Based solely on the record, a hearing on the Rule 93 motion was denied. We reversed that ruling in State v. Moser, 78 N.M. 212, 430 P. 2d 106 (1967) and remanded for a hearing. The hearing has now been held, findings of fact and conclusions of law filed, relief denied and defendant appeals.

The sole question presented by this appeal is whether the findings of fact made by the trial court are supported by substantial evidence.

The trial court's findings are:

"1.

"In the year 1925, the defendant, Ernest Moser, was tried and convicted of the crime of murder in Sebastian County, State of Arkansas, and was sentenced to life imprisonment to be served in the State Penitentiary of that State; that there was not introduced in evidence during said trial any confession or admission of guilt made by the defendant and during said trial the defendant was represented by at least two attorneys, Robert A. Rowe and John P. Roberts, that there was no evidence introduced at the trial concerning any physical coercion having been made on the defendant to admit his guilt; that during the trial the defenses offered by the defendant were alibi and insanity by reason of intoxication. The jury was properly instructed by the trial Court on these defenses.

"2.

"That in October of 1939, the defendant was tried and convicted in Sebastian County, Arkansas, of the crime of carnal abuse of a female under the age of 16 years and the defendant was sentenced to twelve years in the State Penitentiary of that State. That previous to the trial the defendant was given a preliminary hearing and during the trial of the case and at the time of sentencing the defendant was represented by his attorney,

Mr. I. Simmons, who was then a former prosecuting attorney and a competent lawyer.

"3.

"That said attorney, I. Simmons, who represented the defendant in the carnal abuse case, was not related to the prosecuting witness, Thelma Moser; that before the jury was empaneled and sworn to try the case the defendant and his attorney knew and discussed the fact that the prosecuting witness was related to one or two of the jurors who finally sat on the trial of the case, but the defendant's attorney consulted with the defendant with reference to accepting said jurors and told him, in effect, 'They are feuding with each other,' and so said attorney and the defendant decided to accept said jurors, with full knowledge of the relationship they may have had to the prosecuting witness.

"4.

"That if there was a conversation between any witness and any juror during the trial of the case, in the carnal abuse matter, no evidence was presented to the undersigned Court as to what was said in said conversation or the nature thereof, if said conversation was had. That the evidence is not clear and unequivocal that the defendant's counsel purposely delayed the going to trial to the detriment of the defendant, or that any particular witness was not available in behalf of the defendant who could have been of assistance to the defendant by his or her testimony.

"5.

"That in February, 1946, while the defendant was an inmate in the State Penitentiary of the State of Arkansas, and while said defendant was a 'prison guard' over other inmates working on the farm, and while he had, at times, an opportunity to be away from the penitentiary, the defendant was arrested for the crime of assault with intent to rape. At the time of said arrest the defendant knew that he could employ counsel to represent him and he also knew that he could request the appointment of counsel if he had no funds with which to pay an attorney, but he neither asked that an attorney be appointed for him and he did not employ an attorney concerning said case. The defendant entered a plea of guilty to said charge and was sentenced to ten years in the State Penitentiary of Arkansas. There is no competent or unequivocal evidence submitted to the undersigned Court that the defendant was coerced or in any manner induced or offered leniency in order to admit his guilt in said cause.

"6.

"That there is no competent or unequivocal evidence to sustain any of the material allegations contained in the defendant's motion to vacate sentence and judgment, which was filed January 31, 1966."

On appeal we view the evidence in the light most favorable to support the findings and if they are supported by substantial evidence they will not be disturbed on appeal. Anaya v. State, 79 N.M. 755, 449 P.2d 663 (Ct.App.1968).

We have carefully examined the briefs and the transcript and find that the trial court's findings of fact are so supported. Having so determined, the judgment of the district court must be affirmed. Compare Davis v. Padilla, 79 N.M. 753, 449 P.2d 661 (1969).

It is so ordered.

COMPTON and TACKETT, JJ., concur.