458 P.2d 222

The STATE of New Mexico ex rel. Donald
C. PETERS, Jr., Petitioner,

v.

The Honorable C. R. McINTOSH, Judge of
the Eighth Judicial District, and the District Court of the Eighth Judicial District
in and for the County of Taos, State of
New Mexico, Respondents.

No. 8845.

Supreme Court of New Mexico.

Aug. 29, 1969.

Chavez & Roberts, Joseph A. Roberts, Santa Fe, for petitioner.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for respondents.

William R. Federici, Santa Fe, Brandenburg & Ramming, Taos, amicus curiae.

## OPINION

WATSON, Justice.

On May 22, 1969, a petition for writ of mandamus, together with an affidavit of poverty, was delivered to the chief justice of this court with a copy of an affidavit of financial status, all verified by the petitioner, Donald C. Peters, Jr. The petition recited that Peters was in the Taos County Jail under two criminal complaints and arrest warrants for the violation of § 54–5–18, N.M.S.A.1953 Comp. (possession of lysergic

acid diethylamide (LSD) ), and that the committing magistrate had filed a certificate for appointment of counsel and the affidavit of financial status mentioned above with the district court showing that the petitioner was a "needy person," but that the judge thereof (respondent herein) had refused to appoint counsel to represent him free of charge, as required by the Indigent Defense Act, § 41–22–1 to § 41–22–10, N. M.S.A.1953 Comp. (1968 Interim Supp.). Section 41–22–2(C) of this Act reads:

"As used in the Indigent Defense Act [41–22–1 to 41–22–10] :

" * * *

"C. 'needy person' means a person who, at the time his need is determined by the court, is unable, without undue hardship, to provide for the full payment of an attorney and all other necessary expenses of representation; and

" * * *"

By his affidavit of financial status petitioner stated that he was without funds to employ an attorney or pay the costs of the proceedings because of his poverty. The affidavit was a mimeographed form which elucidated the following information (Petitioner's answers are indicated by italics):

"I. Marital Status:
  a. *Married*
  b. Dependents: [No answer]
  c. Age of Defendant *35*

"II. Residence:
  Defendant's address: Street *None—Box 506*
  *Santa Fe, N. M.*

"III. Employment:
  Name of employer *Retired Military*
  Address of employer *N/A—not employed now*
  [Other questions relating to employment followed]
  Income: Monthly *$190.00*
  What is defendant's job *Retired Military*

"IV. Has defendant or wife received welfare payments during the past year; if so, how much per month and during what period of time? *No*

Has defendant or wife received unemployment compensation payments during the past year; if so, how much per month and during what period of time? *No*

Does defendant have any friends, relatives, or others who can employ an attorney for him? List names and relationship: *Not at this time*

State father's and mother's names and address; give any reason they cannot help defendant employ an attorney: *Deceased*

"V. Financial Status:
1. Owner of real property: *No*
[Other questions relating to real property if owned followed]
2. Other property:
  a. Automobile: Make *1960 Plymouth* Model *2 door*
    In whose name registered *Donald C. Peters, Jr.*
    Present value of car [No answer]
    Amount owed *None*
    Owed to *N/A*
  b. Cash on hand *None*
    Cash in banks and savings & loan associations [No answer]
    Names and addresses of banks and associations: [No answer]
3. Obligations:
  a. Monthly rental on house or apartment *$Est. 60.00*
[Other questions relating to mortgages and other debts followed]
Total monthly payments on debts *$60.00*
4. Other information pertinent to defendant's financial status: (Include stocks, bonds, savings bonds,

interests in trusts either owned or jointly owned.) *None"*

Based upon this affidavit and a recital in the petition that unsuccessful attempts had been made to retain counsel by offering installment payments from the military pension, the chief justice of this court appointed counsel to represent Peters here. Based only upon this same affidavit, the District Court of Taos County refused to appoint free counsel for Peters.

■ Although Rule 92 of our Rules of Civil Procedure (§ 21–1–1(92), N.M.S.A. 1953 Comp. (1967 Pocket Supp.) ) makes it the duty of the district court to appoint counsel for the indigent person immediately upon receipt of 'a certificate of indigency from the committing magistrate, we do not construe this as depriving the district court of its right to determine whether "such person is in fact indigent."

Rule 92, supra, provides for the appointment of an attorney to represent the "indigent" at the preliminary hearing. Although § 41–22–3, N.M.S.A.1953 Comp. (1968 Interim Supp.) would provide an attorney for a "needy person who is being detained by a law enforcement officer," and this could be before the preliminary hearing, § 41–22–5(A), N.M.S.A.1953 Comp. (1968 Interim Supp.) reads:

"The determination of whether a person covered by section 60 [41–22–3] of the Indigent Defense Act [41–22–1 to 41–22–10] is a needy person shall be *deferred until his first appearance in court* or in a suit for payment or reimbursement, under section 66 [41–22–9] of the Indigent Defense Act, whichever occurs earlier. Thereafter, the court concerned shall determine, with respect to each proceeding, whether he is a needy person." (Emphasis added.)

■ If our Rule 92, supra, and the Indigent Defense Act are in conflict on a procedural matter, our rule must control. Southwest Underwriters (Benjamin M. Sherman) v. Montoya, 80 N.M. 107, 452 P.

2d 176 (1969). The determination of the question of indigency must often be made before the otherwise normal appearance of the accused before the district court. To hold a preliminary hearing without counsel present, unless the right to counsel has been competently, intelligently, and voluntarily waived, vitiates the hearing. Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965). See also State v. Vaughn, 74 N.M. 365, 393 P.2d 711 (1964).

In State v. Powers, 75 N.M. 141, 401 P. 2d 775 (1965), we subscribed to the principle that a showing of an accused's indigency is a prerequisite to the right of a court-appointed counsel, and in State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966), we held that it is proper for the trial court to require the defendant to make a reasonable showing that he is unable to employ counsel. Although petitioner here contends that respondent, "without hearing," found he was not indigent and refused to appoint counsel for him, petitioner does not allege that he had asked for a hearing, had been denied a hearing, or has facts in addition to those in his affidavit which he could now present to the court.

■ We are confident that respondent will afford petitioner a hearing at this time if one is requested and that respondent will hereafter determine with respect to each proceeding whether petitioner is an indigent or a needy person, as provided in § 41–22–5, supra. At such a hearing, or on questioning by the court, State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967), sufficient facts should be placed of record to support the court's conclusion. State v. Anaya, supra. We cannot by mandamus direct his decision. State ex rel. Gallegos v. District Court Ninth Judicial District, 40 N.M. 331, 59 P. 2d 893 (1936).

■ Mandamus is not available to control judicial discretion, § 22–12–4, N.M.S.A. 1953 Comp., unless there is a clear abuse of that discretion, State ex rel. Heron v. Kool, 47 N.M. 218, 140 P.2d 737 (1943), or unless such action would prevent the doing of use-

less things. Sender v. Montoya, 73 N.M. 287, 387 P.2d 860 (1963).

We cannot say that respondent abused his discretion in determining, on the facts before him, that petitioner was not an indigent or a needy person and entitled to the services of a court-appointed attorney in the proceedings in Taos County. To do so would be substituting our discretion for that of respondent. Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797 (1962), Edington v. Alba, 74 N.M. 263, 392 P.2d 675 (1964).

Although the courts recognize the relative concepts of indigency and that this determination should be made at the trial court level, the opinions indicate that doubts as to indigency should be resolved in favor of the accused. People v. Cole, 97 Ill.App. 2d 22, 239 N.E.2d 455 (1968); State v. Harris, 5 Conn.Cir. 313, 250 A.2d 719 (1968); Schmidt v. Uhlenhopp, 258 Iowa 771, 140 N.W.2d 118 (1966); State v. Cowart, 251 S.C. 360, 162 S.E.2d 535 (1968). See Ingram v. Justice Court for Lake Valley Jud. Dist., 69 Cal.2d 832, 73 Cal.Rptr. 410, 447 P. 2d 650 (1968), where it is pointed out that the courts are guardians of the constitutional guarantees, but not of the public coffers. Since Gideon v. Wainwright, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L. R.2d 733 (1963), the motions attacking sentences and the appeals on this question have been so numerous that probably the liberal allowance of free representation to the accused would not only best protect his constitutional guarantees but would, in the long run, result in a savings in public expense.

Having concluded that the respondent acted within his judicial discretion in the matter before him, the Alternative Writ of Mandamus is discharged.

It is so ordered.

MOISE, COMPTON and TACKETT, JJ., concur.

NOBLE, C. J., not participating.