487 P.2d 928

Edward J. QUINLIVAN, Plaintiff-
Appellant,

v.

The STATE of Idaho, Defendant-
Respondent.

No. 10486.

Supreme Court of Idaho.

Aug. 2, 1971.

Derr, Derr & Walters, Boise, for plain-
tiff-appellant.

W. Anthony Park, Atty. Gen., and Mar-
tin R. Ward, Deputy Atty. Gen., Boise, for
defendant-appellee.

SPEAR, Justice.

Edward J. Quinlivan was charged with
first degree murder and, at trial, convicted
by a jury. After conviction, he was sen-
tenced to the Idaho State Penitentiary.
No appeal was taken from the judgment of
conviction. On March 19, 1969, Mr. Quin-
livan filed a motion for post-conviction re-
lief pursuant to I.C. §§ 19-4901 et seq.
Accompanying this motion was a forma
pauperis affidavit.

The Ada County Prosecutor's office re-
sponded with a motion for a more definite
statement. On March 28, 1969 the district
court ordered a hearing to inquire into
three matters: (1) petitioner's forma pau-
peris allegation, (2) appointment of coun-
sel to represent petitioner, and (3) the
prosecuting attorney's motion for a more
definite statement.

The hearing was held April 1, 1969.
Appellant was not represented by counsel
at this hearing. He was examined under
oath as to his financial condition. During
this testimony he admitted to having a
$200 per month pension from the Marine
Corps. When questioned further about
this pension, he refused to answer and re-
quested aid of counsel.

At this point the district judge recessed
the hearing until April 16, 1969 to give the
prosecutor an opportunity to inquire as to
the status of Mr. Quinlivan's pension.
When the hearing was resumed, appellant

again refused to testify further about his financial condition without aid of appointed counsel.

From this hearing, the district judge concluded that appellant was not indigent and denied appointed counsel to represent him at the post-conviction hearing. Mr. Quinlivan has appealed this ruling by the district judge.

We hold that the district court properly declined to appoint counsel to represent appellant at his post-conviction relief hearing. I.C. § 19–851 et seq defines the right of needy persons to be represented by appointed counsel. These sections apply specifically to post-conviction proceedings in addition to other criminal proceedings. I.C. § 19–852(b) (3).[1] Inherent in the provisions which the legislature has made for supplying indigents with appointed counsel in criminal proceedings is the requirement that a person requesting the aid of court appointed counsel cooperate and furnish the court with all the information it requires to intelligently determine the extent of the individual's need. I.C. § 19–854(b) provides:

> "(b) In determining whether a person is a needy person and in determining the extent of his inability to pay, the court concerned may consider such factors as income, property owned, outstanding obligations, and the number and ages of his dependents. Release on bail does not necessarily prevent him from being a needy person. *In each case, the person shall, subject to the penalties for perjury, certify in writing or by other record such material factors relating to his ability to pay as the court prescribes."* (emphasis added)

Appellant did not furnish information pertaining to "* * * such material factors relating to his ability to pay as the court prescrib[ed]," and is therefore not entitled to relief.

1. * * *
> "(3) to be represented in any other post-conviction proceeding that the attorney or the needy person considers appropriate, unless the court in which the pro-

The requirement that a person seeking appointed counsel provide the district court with evidence of his financial status is not unreasonable and does not derogate from the right of indigents under the Sixth Amendment to the United States Constitution. Other courts have held that the burden of making an initial showing of need is on the person claiming indigency. State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966); Allen v. People, 157 Colo. 582, 404 P.2d 266 (1965); cf. State v. Powers, 75 N.M. 141, 401 P.2d 775 (1965).

We hold that a person cannot logically claim constitutional rights afforded to indigents and at the same time refuse to supply information necessary to establish his status as an indigent.

The order of the district court is affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.

ceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding."