### Ex parte O'LEARY et al.

### O'LEARY et al. v. UNITED STATES.

### No. 4602.

Circuit Court of Appeals, Seventh Circuit.

July 16, 1931.

See, also (C. C. A.) 53 F.(2d) 956.

Philip A. McHugh, of Detroit, Mich., for appellants.

L. H. Bancroft, U. S. Atty., of Milwaukee, Wis., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

### PER CURIAM.

Petitioners have applied for enlargement on bail pending the hearing of their appeal from an order dismissing their petition for a writ of habeas corpus. Inasmuch as they have served part of their sentences and the term of their imprisonment will soon expire, it is urged that we should act upon this application for enlargement pending appeal without delay. Appreciating the force of this argument, we have considered carefully their brief, and find the sole basis of their application to be an alleged lack of jurisdiction of the District Court that sentenced them, which lack of jurisdiction is based upon the asserted insufficiency of the indictment. They assert a total want of jurisdiction of the District Court to pronounce the sentences of imprisonment under which they are suffering enjailment.

Passing to one side the record in this case, which shows an appeal from the judgment thus pronounced, a dismissal of such appeal, the former ruling of this court refusing to enlarge the petitioners on bail pending further hearing, and the denial of a writ of certiorari by the Supreme Court (283 U. S. 830, 51 S. Ct. 366, 75 L. Ed. 1443), and, taking up the contentions heretofore made and heretofore rejected, we find that petitioners' attack upon the indictment, in the language of counsel for petitioners, is that, applying "the legal doctrine, defined and upheld by an unbroken line of federal court decisions, creating a positive limitation upon the right to indict for a conspiracy to commit an offense against the United States, in a certain class of cases, including: conspiracy to accept a bribe, conspiracy to give a bribe, and of having actually given a bribe, in alleged violation of section 37, Criminal Code (18 USCA § 88), the offense of bribery, under the last two quoted sections, being separate substantive offenses,—a brief statement of such legal doctrine, as contained in authoritative texts governing criminal law and procedure, and in the decisions of the United States Circuit Courts of Appeal, and of the Supreme Court of the United States, being: That when the object of an alleged conspiracy is an offense, an essential element of which is participation by at least two persons and concert of action by them, an indictment charging a conspiracy to commit that offense, will not lie, if it shows the completed offense."

Chief reliance is upon United States v. Dietrich (C. C.) 126 F. 664. Numerous other decisions are cited in support of this contention.

It seems to us, however, that the decision in United States v. Holte, 236 U. S. 140, 145, 35 S. Ct. 271, 272, 59 L. Ed. 504, L. R. A. 1915D, 281, disposes of the case contrary to the contention of petitioners. Reference to the decisions of the lower courts is hardly necessary in view of the language of the Supreme Court in this case. It is true that there was a dissenting opinion in this case, adopted by two judges, which relied for a statement of the law upon the decision of United States v. Dietrich, supra. But the language of the majority opinion governs and is binding upon us. In this opinion, on page 145 of 236 U. S., 35 S. Ct. 271, the court says: "But a conspiracy with an officer or employee of the government or any other for an offense that only he could commit has been held for many years to fall within the conspiracy section, now § 37, of the Penal Code. United States v. Martin, 4 Cliff. 156, 164, Fed. Cas. No. 15,728; United States v. Bayer, 4 Dill. 407, 410, Fed. Cas. No. 14,547; United States v. Stevens (D. C.) 44 F. 132, 140; State v. Huegin, 110 Wis. 189, 246, 85 N. W. 1046, 62 L. R. A. 700." To the cases cited might be added other cases. See note 4 to section 91, title 18, USCA.

■■ To determine whether only the officer could commit the offense which is the object of the conspiracy we must look to the statutes. Section 207, title 18, USCA, defines the offense of an officer accepting a bribe. A reading of this statute shows that only the person receiving the money is guilty of the offense defined. Section 91, title 18, USCA, defines the offense of bribing a United States officer. Only the person who gives the bribe is guilty of the offense therein defined.

■■ Petitioners' argument necessarily assumed that the conspirators named in this indictment were both participants in the crime of accepting a bribe or in the crime of giving the bribe. Inasmuch as the statute which defines the crime only applies to the recipient under one section, and only applies to the giver under the other, the contention is fallacious. In other words, applying the language of Justice Holmes in the Holte Case, "only the government employee could commit the act which was the object of the conspiracy." There could be a conspiracy between one not an officer and the said officer to commit the crime, which the said officer alone could commit.

The application for enlargement on bail is denied.