**UNITED STATES of America**

v.

**Joseph J. GREENBERG and Leonard T. Potter, Defendants.**

United States District Court
S. D. New York.
Sept. 3, 1963.

Gilbert S. Rosenthal, New York City, for defendant Greenberg.

Koenig & Ratner, New York City, Raphael P. Koenig, New York City, of counsel, for defendant Potter.

PALMIERI, District Judge.

The defendants, Greenberg and Potter, are charged with conspiracy to violate 18 U.S.C. 201 and 202. In substance, Potter is charged with conspiring to promise, offer and give money and things of value to Greenberg to influence him as an employee of the European Exchange System with respect to the purchase of merchandise; and Greenberg is charged with conspiring to ask, receive and accept promises for payment of money and delivery of things of value from Potter with intent to influence his official conduct. It is further charged that Greenberg would conspire to cause vendors of merchandise who might do business with the European Exchange System, to pay and agree to pay commissions on sales to the defendant Potter individually and doing business as Armed Forces Sales Company.

Relying on United States v. Zeuli, 137 F.2d 845 (2d Cir. 1943) and United States v. Sager, 49 F.2d 725 (2d Cir. 1931), the defendants urge that this count must be dismissed because the charge is bribery and an indictment will not lie for conspiracy to commit bribery in violation of the statutory provisions referred to, because bribery itself requires concert of action which has already taken place. Therefore, the argument runs, the defendants cannot be charged with conspiring to do that which, allegedly, they have already done.

These cases and the principle invoked are inapplicable here because many aspects of the conspiracy as charged can be committed without concert of action between the defendants. Moreover, Sections 201 and 202 of Title 18, U.S.C., define separate offenses by separate persons with separate penalties, and not a single crime of bribery requiring concert of action between the bribe giver and the bribe taker. No case has been cited, and I have been unable to find one, in which

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Richard A. Givens, Asst. U. S. Atty., of counsel, for United States of America.

the principle invoked by the defendants has been applied to charges drawn, as they have been here, pursuant to these statutes. See May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994; Hemans v. United States, 163 F.2d 228, 233 (6th Cir. 1947).

■ Apart from what has already been said, a conspiracy to bribe a public official can be equated with the concept of a conspiracy "to defraud the United States;" and the indictment before the Court may be construed in this sense. See Harlow v. United States, 301 F.2d 361 (5th Cir. 1962); United States v. Klein, 247 F.2d 908 (2d Cir. 1957).

## The Motions for Severance

■■ The defendants move (Rule 14, Fed.R.Crim.P.) on the ground of prejudicial joinder for a separate trial of the conspiracy count and a separate trial of Counts 2 through 6 of the indictment. The conspiracy count charges both defendants Potter and Greenberg as co-conspirators. Counts 2 through 6 charge the defendant Greenberg alone with accepting and receiving bribes at various times and in various cities in Germany and Italy. It was made clear upon the argument of this motion that the Government would attempt to prove separate and distinct receipts of bribes by Greenberg on the issue of intent. This proof would fall within the familiar doctrine that when intent is in issue, other similar crimes may be proved. United States v. Baneth, 155 F.2d 978 (2d Cir. 1946). Whether the trial is based on the conspiracy alone or the substantive counts alone, this proof would be admissible, despite the fact that it pertains solely to Greenberg. Metcalf v. United States, 195 F.2d 213, 217 (6th Cir. 1952).

■ The holding of separate trials under this indictment could serve no salutary purpose, but, on the contrary, would result in two trials with substantially the same proof. The motion is accordingly denied.

## Greenberg's Motions to Dismiss the Substantive Counts

■■ These motions are made on two grounds. The first ground, namely, that this Court lacks jurisdiction, is based upon allegations that Greenberg, a resident of California, came to New York as the result of a conversation between his attorney and a member of the United States Attorney's staff, and that his arrest occurred in a corridor of the United States Court House while he was awaiting the opening of court to plead to an earlier indictment. This is not a valid basis for the defendant's motion. The trial of offenses committed outside of any state or district may be held where the defendant is first arrested for such violations. 18 U.S.C. § 3238; see United States v. Provoo, 215 F.2d 531, 537–538 (2d Cir. 1954); and his presence here in connection with other criminal charges provides him with no immunity against criminal process. United States v. Conley, 80 F. Supp. 700 (D.Mass.1948); cf. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 112, 96 L.Ed. 651 (1952); Chandler v. United States, 171 F.2d 921 (1st Cir. 1948).

■ The second ground for dismissal is that the substantive counts are insufficient for vagueness. The essential elements of the statutory offense of bribery are alleged, and the names of specific places and the dates of the alleged offenses are set forth. That is sufficient. It provides defendants with adequate information to prepare their defense. See United States v. Klein, 124 F.Supp. 476 (S.D.N.Y.1954), aff'd, 247 F.2d 908 (1957). The defendant's preoccupation with possible double jeopardy in connection with some future prosecution is both premature and unjustified. See Koa Gora v. Territory of Hawaii, 152 F.2d 933, 935 (9th Cir. 1946); United States v. Kemler, 44 F.Supp. 649 (D.Mass.1942).

The motion of the defendant Greenberg for a bill of particulars is denied except as consented to by the Government.

Submit order on notice.