GERARD L. FREVE, PETITIONER
*vs.*
STATE OF MAINE, ET AL., RESPONDENTS

Oxford.   Opinion, June 5, 1964.

*Gerard L. Freve,* Pro se.

*John W. Benoit, Asst. Attorney General,* for Respondents.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.  MARDEN, J., did not sit.

TAPLEY, J.   On appeal.   The petitioner filed a petition for writ of habeas corpus under provisions of Chap. 310, P. L., 1963.   The petitioner claims that an error of law exists in the proceedings under indictment #515, returned at the February, 1963 Term of the Superior Court, within and for the County of Oxford, in that where an indictment charging conspiracy and naming twelve respondents, only three of whom were found guilty, one of the three being the petitioner, the convictions were invalid.

Upon satisfactory proof of indigency, the petitioner was provided with court appointed counsel.   Counsel for the re-

spondent and counsel for the petitioner agreed that the issues raised by the petition were entirely those of law and a hearing was had before a Justice of the Supreme Judicial Court on this basis. After a full and complete hearing the justice denied the writ and affirmed judgment and sentence.

The indictment is based on Sec. 25 of Chap. 30, R. S., 1954, stating in part:

> "If two or more persons conspire and agree together — to commit a crime — they are guilty of a conspiracy —."

The indictment charged twelve respondents with the crime of conspiracy, five of whom were tried, three were convicted and two were found not guilty, one of the three convictions being that of the petitioner. A nolle prosequi was entered by the State as to the other seven respondents.

The petitioner, in effect, charges a variance between the indictment charging conspiracy and the proof where some respondents were found guilty and others not guilty, while other respondents were released from the indictment by the entry of nolle prosequi. The variance between the number of defendants charged in the instant indictment with conspiracy and the number of defendants convicted is not a material variance.

> "Variance between an indictment charging an offense involving several persons and proof establishing guilt against some of them only is not material ----." 27 Am. Jur., Indictments and Informations, Sec. 183.

> " --- in case several are indicted for a crime which might have been committed by some, although not all, of the defendants, the jury may find some guilty and acquit the others." 42 C. J. S., Indictments and Informations, Sec. 259.

A conviction is valid under indictments where a number of persons are charged in the same indictment, some of

whom are found guilty, others not guilty, others having pleaded guilty and still others being discharged by the process of nolle prosequi. *Breese* v. *United States,* 203 F. 824 (4th Cir. Ct. of Appeals 1913); *Bryant* v. *United States,* 257 F. 378 (5th Cir. Ct. of Appeals 1919); *Harrison, et al.* v. *United States,* 7 F. (2nd) 259 (2nd Cir. Ct. of Appeals 1925); *Belvin, et al.* v. *United States,* 12 F. (2nd) 548 (4th Cir. Ct. of Appeals 1926); *Berger* v. *United States,* 295 U. S. 78 (2nd Cir. Ct. of Appeals 1935); *State* v. *McElroy,* 46 A (2nd) 397 (R. I. 1946); *Hannis* v. *United States,* 246 F. (2nd) 781 (8th Cir. Ct. of Appeals 1957).

When one alleged conspirator is found not guilty, a conviction may be had against other named respondents. *State* v. *Papalos,* 150 Me. 370. In *State* v. *Machesy, et al.,* 135 Me. 488, the court sustained convictions on a conspiracy charge where eighteen persons were named in the indictment, three of whom were not apprehended, nol pros was entered as to one, two were freed by the trial judge and three were found not guilty and nine were found guilty.

The decision of the justice who heard the case was correct and, therefore, the entry shall be,

*Appeal denied.*