## No. 25280

### The People of the State of Colorado v. Thomas Incerto, a/k/a Whiskers Incerto
(505 P.2d 1309)

Decided Febrary 5, 1973.　　　　Rehearing denied March 19, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Goodbee and Mason, Wendell R. Goodbee, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Thomas Incerto was convicted by a jury of conspiracy to bribe a judge and on appeal seeks reversal of the conviction and dismissal of the charge. A two-count indictment charged him with bribery of a judge, 1967 Perm. Supp., C.R.S. 1963, 40-7-5 (repealed 1971), and conspiracy to bribe a judge, C.R.S. 1963, 40-7-35 (repealed 1971).

The first count of the indictment charged that Incerto and a Pueblo district judge committed bribery by soliciting and receiving a bribe from McCallon, who was then charged with, and later plead guilty to, a narcotics offense. The indictment specifically set forth that Incerto solicited and received a bribe from McCallon to influence and cause the Pueblo judge to grant McCallon probation.

The second count charged that a conspiracy was entered into to carry out the transaction set forth in the first count with conspirators who were both named and unnamed. Incerto and the Pueblo district judge were tried jointly before a jury that acquitted the district judge on both counts. That same jury convicted Incerto of conspiracy to bribe a judge, but acquitted him of the crime of bribery of a judge. We affirm.

I.

▮▮▮ Incerto claims that the crime of conspiracy to bribe a judge is necessarily included within the essential elements and ingredients of the crime of bribery of a judge. The rule of law upon which Incerto relies is commonly called the "concerted action" or "Wharton" rule, which, in essence, provides:

"An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." [1 *Anderson,* Wharton's Criminal Law and Procedure, § 89, p. 191 (1957).]

The "concerted action" rule, although stated in different

ways, has been followed in every jurisdiction where an appropriate case has arisen. *See Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *Gebardi v. United States,* 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206 (1932); *Baker v. United States,* 383 F.2d 604 (9th Cir. 1968); *Curtis v. United States,* 67 F.2d 943 (10th Cir. 1933); *United States v. Iannelli,* 339 F.Supp. 171 (W.D.Pa. February 16, 1972); *Commonwealth v. Favulli,* 352 Mass. 95, 224 N.E.2d 422 (1967); *Robinson v. State,* 229 Md. 503, 184 A.2d 814 (1962). *See Developments in the Law of Conspiracy,* 72 Harv. L. Rev. 920, 953-956 (1959).

The leading case in Colorado dealing with the application of this rule is *People v. Wettengel,* 98 Colo. 193, 58 P.2d 279 (1936). In *Wettengel,* we applied the "concerted action" rule and reversed the defendant's conviction for conspiracy to commit bribery, and said:

"The preliminary agreement said to have existed between Wettengel and Blackwell and Utter is not an indictable conspiracy, for the substantive offense, bribery, itself, required the cooperative action of those charged below to have been conspirators."

Thus, Incerto claims that the nature of the substantive crime of bribery is such as to require the participation of more than one person and forecloses a prosecution for conspiracy to commit bribery of a judge.

■ First, a conspiracy charge may be filed if the substantive crime is one that can be committed by one person, even if the crime, in most instances, is committed by more than one person. *Nolan v. United States,* 423 F.2d 1031 (10th Cir. 1970); *Ex parte O'Leary,* 56 F.2d 515 (7th Cir. 1931); *United States v. Boisvert,* 187 F.Supp. 781 (D.R.I. 1960); *United States v. Cogan,* 266 F.Supp. 374 (S.D.N.Y. 1967); *United States v. Greenberg,* 223 F.Supp. 350 (S.D.N.Y. 1963); *State v. John P. Callaghan Co.,* 70 N.J.Super, 585, 176 A.2d 50 (1961).

■ Moreover, an exception to the "Wharton" rule permits conspiracy charges to be filed when more or different people participate in the conspiracy than are necessary to

commit the substantive offense. Although this exception was apparently rejected in *People v. Wettengel, supra,* it is now the majority rule and is logically sound. The "Wharton" rule shields an agreement from prosecution for conspiracy only if the agreement is necessary to perfect the elements of the substantive crime. *United States v. Becker,* 461 F.2d 230 (2d Cir. 1972); *Baker v. United States, supra; Reno v. United States,* 317 F.2d 499 (5th Cir. 1963); *Old Monastery Co. v. United States,* 147 F.2d 905 (4th Cir. 1945); *United States v. Mainello,* 345 F.Supp. 863 (E.D.N.Y. 1972); *United States v. Cogan, supra; United States v. Anthony,* 145 F.Supp. 323 (M.D.Pa. 1956); *State v. Clemson,* 123 Iowa 524, 99 N.W. 139 (1904); *Commonwealth v. Favulli, supra; Robinson v. State, supra; State v. Lennon,* 3 N.J. 337, 70 A.2d 154 (1959); *State v. Wells,* 249 S.C. 249, 153 S.E.2d 904 (1967). *See United States v. Figueredo,* 350 F.Supp. 1031 (M.D. Fla. 1972) (12 Cr.L. 2253), which approves this exception to the "Wharton" rule while criticizing *United States v. Becker, supra,* for an overly literal use of the exception. The policy reasons for the exception are set forth by Perkins, in his treatise on Criminal Law, in these words:

"There is some authority for the view that a combination to commit an offense which requires the concerted action of two is not punishable as a conspiracy even if three or more are included. This is quite unsound because the inclusion of more persons than are required for the concerted action brings in the element of *added danger* which is the very reason why any other conspiracy is punished." [*Perkins,* Criminal Law, p. 620 (2d Ed. 1960).]

A second exception makes the rule inapplicable where the substantive offense has not been committed. *See United States v. Zeuli,* 137 F.2d 845 (2d Cir. 1943); *United States v. Iannelli, supra; Robinson v. State, supra.*

In our view, Incerto's conviction was proper under the exceptions and under the terms of the controlling bribery statute. The substantive offense of bribery of a judge, 1967 Perm. Supp., C.R.S. 1963, 40-7-5 (repealed 1971), can, in fact, be committed by one person. Prior to 1967, the statute

required both "giving" and "receiving" as elements of the offense of bribery. Therefore, the participation of two people was necessary. Two people were also necessary under the bribery statute which we reviewed in *People v. Wettengel, supra. See* Compiled Laws of Colorado 1921, § 6781. The legislature, however, has amended our bribery statute, and the revision now makes an "offer to give" or an "offer to receive" a bribe a crime under the statute. 1967 Perm. Supp., C.R.S. 1963, 40-7-5 (repealed 1971).

Even if bribery still required the participation of two people, the first, enumerated exception to the rule is applicable, since, in the instant case, the agreement between Incerto and McCallon was clearly not a necessary element or ingredient of the crime of bribery of a judge. The second exception also applies, since the jury did not find Incerto to be guilty of bribery. The jury's verdicts reflect that the crime of bribery of a judge did not occur, but the jury's verdicts do indicate that the jury found that the evidence did establish Incerto's agreement with McCallon to bribe the Pueblo district judge.

## II.

The defendant's second contention is that our decision in *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966), requires that he be acquitted. An acquittal of a substantive offense forecloses conviction on a conspiracy charge if, and only if, the only evidence relied upon to prove the existence of the conspiracy was also the only evidence used to prove the substantive offense. The defendant contends, that the only evidence which was offered to prove the conspiracy was the evidence which the jury rejected when it acquitted him of the crime of bribery. Therefore, he argues that his conviction of conspiracy to commit bribery must be set aside.

The flaw in the defendant's argument is that the evidence which supported the conspiracy count in this case differed from that which supported the bribery count. The indictment charged a conspiracy with several persons, some named and some unnamed, to commit the crime of bribery. The two

counts of the indictment made it clear that the transaction which was the subject of the criminal charges included the defendant, the Pueblo judge, McCallon and others. However, the proof fell short, in the jury's opinion, of establishing that the Pueblo judge was a party to the conspiracy. On the other hand, the jury's verdict reflects a decision, fully justified by the record, that the evidence proved an agreement between Incerto and McCallon to bribe the Pueblo judge.

 In reading the indictment, fair notice was given to Incerto of both the conspiracy and the substantive count which was in issue. *People v. Byrnes,* 117 Colo. 528, 190 P.2d 584 (1948). *See also, Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970); *Martinez v. People,* 163 Colo. 503, 431 P.2d 765 (1967) (recognizing the rule that one count may incorporate another count by reference).

The jury had only one transaction to consider, and that transaction included McCallon. The prosecution's evidence clearly established a corrupt agreement to guarantee probation to McCallon in exchange for money which was solicited by and paid to Incerto. The jury may have had doubts about the participation of the Pueblo judge, but there was no reasonable doubt about Incerto's and McCallon's conspiracy to bribe the Pueblo judge.

### III.

Finally, the defendant asserts that the evidence failed to establish the conspiracy charged. Count two charged that the defendant conspired with certain co-conspirators, named and unnamed, to engage in the conduct alleged in count one. The defendant maintains that the prosecution cannot prove the charged conspiracy by evidence of a conspiracy between Incerto and McCallon, a person not specifically named in count two. In effect, the defendant is saying that the conspiracy charged is described by the names of the co-conspirators alleged in count two, so that a conspiracy consisting of Incerto and McCallon, who was not identified by name in count two, constitutes an entirely different offense.

 In this opinion, we have declared that McCallon was

included as a co-conspirator in count two, because count two incorporates count one by reference, and count one names McCallon. Since McCallon was one of the conspirators who was specifically identified in the indictment, it becomes necessary to determine whether the conspiracy which was proven to the satisfaction of the jury was properly included in count two. Count two of the indictment specifically charged a conspiracy which consisted of Incerto, the Pueblo district judge, and Hegler, a driver for Incerto, and by reference to count one, included McCallon as a conspirator. The prosecution proved a conspiracy between Incerto and McCallon. In other words, the prosecution charged a conspiracy of at least four persons but proved only an included sub-conspiracy of two. The People argue that proving a conspiracy between Incerto and McCallon proves the charge as laid. We recognize the variance between the charge and the proof. However, the appropriate question is whether the variance is fatal.

The Supreme Court of the United States has dealt with similar questions arising in the federal system and has concluded that such a variance may, in some cases, be harmless. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). In *Kotteakos,* the indictment charged one conspiracy of 32 persons, but the prosecution proved eight or more separate and distinct conspiracies and convicted seven defendants. The government argued that any error was harmless and cited *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). *Berger* upheld a conviction where one conspiracy of four was charged, but two conspiracies of two and three each were proved. The Court found *Berger* inapplicable because of the "sheer difference in numbers, both of defendants and conspiracies proven," 328 U.S. at 766, and reversed the convictions in *Kotteakos.* The Court restricted but approved *Berger* in these words:

"Leeway there must be for such cases as the Berger situation and for others where proof may not accord with exact specifications in indictments." [328 U.S. at 773]

The Court also distinguished the situation where the variance consists of a failure to substantiate a conspiracy as to one or more of the alleged conspirators. 328 U.S. at 773, at n. 29. The Supreme Court of the United States has declared that a line must lie between the *Berger* situation and the one in *Kotteakos*.

The Supreme Court's pronouncements on this phase of the law of conspiracy were founded on the "harmless error" rule, now embodied in 28 U.S.C. 2111. Colorado has a similar rule, Crim. P. 52(a); *see also,* C.R.S. 1963, 39-7-17 (repealed, Laws 1972, p. 190). Therefore, our conclusion, like that of the Supreme Court of the United States, depends upon whether the error asserted was "harmless error."

The case before us is closer to *Berger* than to *Kotteakos*. A conspiracy of a least four persons was alleged. One conspiracy consisting of McCallon and Incerto was proven. The transaction charged and the one proved were substantially the same, although not all those alleged were found to have participated. The object of the conspiracy was proved as laid. The variance here is one of those which the Supreme Court recognized as necessary in *Kotteakos,* if conspiracy prosecutions are to have any vitality. Since conspiracy is a crime that is born in secrecy and bred in the alleys of deceit, it is often impossible for the prosecution to define the four corners of a conspiracy, either as to members or as to objects. Often, the prosecution cannot determine the extent of a conspiracy or the identity of the members of the conspiracy at a particular time until all the evidence is in. The gist of the conduct charged was that the defendant solicited money from McCallon and agreed that he would cause the Pueblo judge to grant McCallon probation. The identity of the offense was not altered in the proof. Clearly, the defense was not surprised by the proof. Under the circumstances of this case, the substantial rights of the defendant were not affected, and reversible error did not occur. *Carter v. United States,* 332 F.2d 728 (8th Cir. 1964); *Ferina v. United States,* 302 F.2d 95 (8th Cir. 1962); *United States v. Postma,* 242 F.2d 488 (2d Cir. 1957); *United States v. Monroe,* 164 F.2d 471 (2d

Cir. 1947); *Freve v. State,* 160 Me. 179, 200 A.2d 847 (1964).

Accordingly, we affirm the conviction.