## No. 25172

## The People of the State of Colorado v. William Lee Bucher
(511 P.2d 895)

Decided July 9, 1973.

212

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, John E. Bush, Assistant, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, William R. Gray, Deputy, T. Michael Dutton, Deputy for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

A jury convicted the defendant of dispensing dangerous drugs (1969 Perm. Supp., C.R.S. 1963, 48-8-2), conspiracy to dispense dangerous drugs (C.R.S. 1963, 40-7-35), and carrying a concealed weapon (1965 Perm. Supp., C.R.S. 1963, 40-11-1). He was sentenced to the penitentiary. On appeal he asserts that police undercover agents entrapped him and induced him to commit the drug offenses in issue. He claims that the trial court erred in not granting a judgment of acquittal on the ground of entrapment. He also avers that reversible error occurred when evidence was admitted in his trial relating to drug transactions in Denver which occurred shortly before the offenses were committed which brought about his arrest. We affirm.

An analysis of the facts brings the issues into sharp focus. Police undercover agents met the defendant in Denver. They asked the defendant if they could get some "dope" and produced $11,000 in cash to demonstrate their ability to buy a substantial quantity of drugs. The undercover agents first inquired about marijuana but then agreed, at the instance of the defendant, to consider the purchase of certain other drugs instead. After preliminary negotiations were completed, the defendant left the agents to determine what sources of supply were available and later telephoned to report that he could obtain several pounds of mescaline. A meeting was agreed to in Boulder to complete the sale. After the defendant met the agents in Boulder, he delivered one pound of mescaline to the agents. He then took the agents to another location where the agents were given additional drugs by Benjamin Boorem. Upon delivery of the drugs by Boorem, the defendant was arrested and searched, and a pistol was found in his pocket. Subsequently, a laboratory analysis established that the mescaline tablets were, in fact, LSD tablets.

## I.
## Entrapment

The defendant contends that the convictions should be set aside because the police unconscionably entrapped him and induced him to commit the drug offenses. He argues that, as a matter of law, entrapment occurred when the undercover police agents produced $11,000 in cash and offered to purchase drugs.

The prosecution admits that the facts asserted by the defendant are true. The prosecution asserts that the factual issue of entrapment was determined by the jury and should not be disturbed on appeal. We agree.

The defense of entrapment has long been recognized in Colorado when the prosecution, through its agents, in fact, induces, instigates, and causes a criminal offense to be committed. *E.g., People v. Simmons,* 179 Colo. 431, 501 P.2d 119 (1972). However, to prove entrapment, the defense must show that the prosecution played the primary role. The mere use of an undercover agent does not prove that the prosecution induced the crime and thereby vitiated any subsequent conviction of the crime. It is common knowledge that the nature of illicit drug traffic is such that the laws could not be enforced without undercover agents. The drug laws have forced the market place for illicit drugs underground, where sales are effected by stealth by those who reap financial gain at the cost of the drug victim and society. Without undercover agents, it would be virtually impossible to prosecute those who cause the sale and distribution of illicit drugs.

In *People v. Lee,* 180 Colo. 377, 506 P.2d 136 (1973), we reviewed the law of entrapment as it relates to the sale of illegal drugs. *Lee* states that a person who is ready, willing and able to sell illicit drugs with no more than ordinary persuasion cannot claim that he was the victim of improper prosecutorial entrapment. Entrapment in a drug case does not occur when an undercover agent merely offers to buy drugs which are offered or made available for sale in the manner ordinarily used in the underground drug market.

We cannot say that as a matter of law the production of $11,000 in cash amounts to an extraordinary inducement to effect or produce a sale of dangerous drugs. The entrapment issue was properly submitted to the jury and was resolved against the defendant. *Yeager v. People,* 170 Colo. 405, 462 P.2d 487 (1969).

## II.
### Evidence of Other Crimes

■ The defendant claims that he was prejudiced by the admission of testimony relating to the preliminary negotiations which were carried out with the undercover police agents in Denver. The early negotiations led to the commission of the drug offenses in Boulder. The preliminary negotiations were part and parcel of the entire transaction and were an inseparable part of the criminal episode. The testimony relating to the negotiations in Denver was properly admissible at the defendant's trial when the evidence established that the drug transactions in Boulder were the fulfillment of the negotiations which occurred in Denver. *Kennard v. People,* 171 Colo. 194, 465 P.2d 509 (1970). *See People v. Shackelford,* 182 Colo. 48, 511 P.2d 19.

## III.
### Variance

■ As a further ground for reversal, the defendant contends that his conviction for dispensing a dangerous drug should be reversed because a variance occurred between the allegations and the prosecution's proof. The information charged that the defendant dispensed "D-lysergic acid diethylamide," but the evidence which was offered at the time of trial proved that the defendant dispensed only "lysergic acid diethylamide."

It is clear from the record, however, that the defendant was not misled or prejudiced in any way by the variance. Reversible error did not occur because the defendant was not substantially prejudiced, and no significant possibility exists that the defendant can be re-prosecuted for the same offense. *People v. Incerto,* 180 Colo. 366, 505 P.2d 1309 (1973).

216

## IV.
### Availability of Exemption

Finally, the defendant seeks reversal under the language of 1969 Perm. Supp., C.R.S. 1963, 48-8-3(1)(e), which provides an exemption from punishment for those who dispense dangerous drugs to "Officers or employees of appropriate agencies of federal, state, or local governments, pursuant to their official duties."

This Court has previously interpreted this statutory provision adversely to the defendant's position. *People v. Lee, supra; People v. Gill,* 180 Colo. 383, 506 P.2d 134 (1973).

Having determined that the defendant's assertions of error are without merit, we affirm the convictions.

MR. JUSTICE KELLEY, MR. JUSTICE HODGES, and MR. JUSTICE GROVES concur.