STATE of Maine

v.

Timothy S. SMITH.

Supreme Judicial Court of Maine.

Submitted on Briefs April 19, 1996.

Decided June 10, 1996.

---

Geoffrey Rushlau, District Attorney, Michael P. Turndorf, Assistant District Attorney, Bath, for the State.

Timothy S. Smith, Bath, pro se.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

GLASSMAN, Justice.

Timothy S. Smith appeals from the judgment entered in the Superior Court (Sagadahoc County, *Fritzsche, J.*) following the jury verdict finding him guilty of a Class D assault in violation of 17–A M.R.S.A. § 207 (1983 & Supp.1995). Smith contends that the trial court erred by failing to declare him an indigent and appoint counsel for him following his refusal to provide a release authorizing the court to gain access to financial information necessary to verify his purported indigence. We affirm the judgment.

The limited record reflects that:[1] Following his receipt of a complaint charging him with assault, Smith, *inter alia,* filed a motion for the appointment of counsel together with a financial affidavit. Although Smith signed the affidavit, he lined through the portion stating his understanding that a court investigator[2] may verify the statements contained in the affidavit, noting on the form that such a verification would violate his Fourth Amendment rights. Based on Smith's refusal to sign a general release authorization to facilitate verification of statements contained in his financial affidavit, the court (*Saufley, J.*) denied Smith's motion. Thereafter, Smith filed a self-styled release form that limited both the duration and scope of the release and moved for a hearing on the denial of his motion for the appointment of counsel. After a hearing, the court issued its decision ordering that Smith provide a release for information for the period January 1, 1992 to the present and providing that the court's financial investigator would then make a recommendation regarding court-appointed counsel.[3] Following Smith's failure to provide a release authorization to the court, the case proceeded to a trial before a jury and Smith was found guilty of the charged offense. Smith was sentenced to 6 months, all but 15 days suspended, and he appeals.

Pursuant to M.R.Crim. P. 44A(a)[4] Smith filed a petition requesting that he be declared indigent. The court issued an order providing that Smith could submit any written evidence he had in support of his petition to the court for its *in camera* review. After a review of the materials submitted by Smith, the court denied Smith's petition. Pursuant to M.R.Crim. P. 44A(c),[5] Smith ap-

---

1. Smith did not provide this court with a transcript of any of the proceedings before the trial court.

2. By Administrative Order, the Supreme Judicial Court established an indigency screening project that involves the use of para-judicial personnel to review requests for the appointment by the court of *publicly-funded counsel. Pursuant to guide-*lines promulgated by the Superior and District Courts, financial screeners assist persons seeking such appointment in preparing financial forms. In addition, the screeners assist the court by verifying the information provided and making a recommendation based on the guidelines.

3. We dismissed as premature Smith's appeal from that order.

4. M.R.Crim.P. 44A(a) provides in pertinent part:

A defendant who has filed notice of appeal and who claims to be without financial means to prosecute the appeal may, within 10 days following the filing of the notice of appeal, file a petition in the court in which the defendant was convicted requesting that the defendant be declared indigent.

5. M.R.Crim.P. 44A(c) provides in pertinent part:

From the findings filed following the denial of a petition ... the petitioner may, within 10 days after the filing thereof, appeal in writing ... to any justice of the Supreme Judicial Court if the petition is denied in the Superior Court. The justice, after notice to the attorney for the state, shall hear the matter de novo, and may affirm, modify or reverse the findings of the justice or judge below.

**1060**

pealed to a Justice of the Supreme Judicial Court (*Roberts, J.*). Following Smith's failure to comply with the order of the Court directing Smith to furnish the Superior Court clerk with a signed and unmodified general release authorization within 20 days, the Court affirmed the trial court's denial of Smith's request that he be declared indigent.

Smith contends that requiring him to complete and sign a general release authorization to allow a court investigator to verify the information he provided in the financial affidavit violates his Fourth Amendment right to be free from unreasonable search and seizure, his Fifth Amendment privilege against self-incrimination, and his Sixth Amendment right to counsel. We disagree.

■ A criminal defendant has a constitutional right to the appointment of publicly-funded counsel only if the defendant is indigent. M.R.Crim. P. 44 implements the constitutional right to counsel in a criminal proceeding and provides in pertinent part:

(a) **Assignment of Counsel.**

. . . .

If a defendant in a proceeding in which the offense charged is a Class D or Class E crime appears without counsel, the court shall advise the defendant of the defendant's right to counsel and shall assign counsel to represent the defendant unless the defendant elects to proceed without counsel or has sufficient means to employ counsel or unless the court concludes that in the event of conviction a sentence of imprisonment will not be imposed.

. . . .

(b) **Determination of Indigence.** The court shall determine whether a defendant has sufficient means with which to employ counsel and in making such determination may examine the defendant under oath concerning the defendant's financial resources. A defendant does not have sufficient means with which to employ counsel

if the defendant's lack of resources effectively prevents the defendant from retaining the services of competent counsel. In making its determination the court shall consider the following factors: the defendant's income, the defendant's credit standing, the availability and convertibility of any assets owned by the defendant, the living expenses of the defendant and the defendant's dependents, the defendant's outstanding obligations . . . and the cost of retaining the services of competent counsel.[6]

The verification by a court-appointed investigator of statements contained in the defendant's affidavit supporting a request for court-appointed counsel allows the court to examine the defendant as to any apparent discrepancies that may appear before making a factual determination as to the defendant's indigence. The defendant bears the burden of proving indigence. *Freve v. State,* 160 Me. 179, 200 A.2d 847 (1964); *accord United States v. Krzyske,* 836 F.2d 1013, 1019 (6th Cir.), *cert. denied,* 488 U.S. 832, 109 S.Ct. 89, 102 L.Ed.2d 65 (1988) ("The burden is on the defendant to demonstrate financial inability in order to obtain counsel.") (quoting *United States v. Peister,* 631 F.2d 658, 662 (10th Cir.1980), *cert. denied,* 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981) (citing *United States v. Ellsworth,* 547 F.2d 1096 (9th Cir.1976), *cert. denied,* 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 247 (1977))); *State v. DuPaul,* 527 N.W.2d 238, 241 (N.D.1995) (rejecting defendant's claim that right to "financial privacy" negated defendant's duty to prove indigence).

■ Smith cites no authority, and we find none, that requires the court to rely solely on the affidavit of the defendant seeking court-appointed counsel to determine the defendant's indigence. *See United States v. Harris,* 707 F.2d 653, 663 (2d Cir.), *cert. denied,* 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983) (when trial court found no indigence

---

6. M.R.Crim.P. 44 is not inconsistent with 15 M.R.S.A. § 810 (1980) that provides that when it appears to the court that an accused has insufficient means to employ counsel, the Superior or District Court shall appoint counsel in all criminal cases charging a felony and may appoint counsel in any criminal case. The felony/misde-meanor distinction was eliminated by the enactment of the criminal code. P.L.1975, ch. 499, § 4 (effective May 1, 1976). Accordingly, the reference to felony charges in section 810 are considered the equivalent of the present Class A, Class B and Class C offenses.

after defendant refused to supply additional information to the court unless done so *in camera* and without government's participation, court held that "the speculative possibility of inadequate protection of defendant's fifth amendment rights is outweighed by the need to determine facts through adversarial proceedings"); *United States v. Lyons,* 898 F.2d 210, 216 (1st Cir.), *cert. denied,* 498 U.S. 920, 111 S.Ct. 295, 112 L.Ed.2d 249 (1990) (upholding trial court determination that Fifth Amendment privilege cannot "be used as a shield to avoid disclosure of assets"); *Quinlivan v. State,* 94 Idaho 334, 335, 487 P.2d 928, 929 (1971) ("a person cannot logically claim constitutional rights afforded to indigents and at the same time refuse to supply information necessary to establish his status as an indigent"); *People v. Jeske,* 128 Mich.App. 596, 341 N.W.2d 778, 781 (1983) ("A defendant is not allowed to use the Fifth Amendment to obscure his true financial situation."). *See also Fuller v. Oregon,* 417 U.S. 40, 46, 94 S.Ct. 2116, 2121, 40 L.Ed.2d 642 (1974) (upholding statute permitting authorities to monitor previously determined indigent defendant and, if defendant subsequently escapes from indigence, defendant must repay publicly-funded defense); *James v. Strange,* 407 U.S. 128, 140, 92 S.Ct. 2027, 2033, 32 L.Ed.2d 600 (1972) (proceedings in which the court revisits the issue of a defendant's indigence post-conviction "may protect the State from fraudulent concealment of assets and false assertions of indigence."); *State ex rel. Peters v. McIntosh,* 80 N.M. 496, 498, 458 P.2d 222, 224 (1969) ("we subscribe[ ] to the principle that a showing of an accused's indigence is a prerequisite to the right of a court-appointed counsel").

Nor is there merit in Smith's contention that, by completing the general release, he is being compelled to provide information that the state may use to pursue criminal charges against him. The speculative use of the information does not give rise to a constitutional violation obviating the requirement that Smith provide the information necessary to verify his indigence. *See United States v. Kahan,* 415 U.S. 239, 243, 94 S.Ct. 1179, 1181, 39 L.Ed.2d 297 (1974) (state cannot use information provided in pretrial indigence in-

quiry to prove its incriminating content but "[this] protective shield ... is not to be converted into a license for false representations on the issue of indigence free from the risk that the claimant will be held accountable for his falsehood"); *Krzyske,* 836 F.2d at 1019 ("The time for [Fifth Amendment] protection will come when, if ever, the government attempts to use the information against the defendant at trial.").

Based on this record, we conclude that because Smith did not meet his burden of proving his indigence, the trial court properly determined he was not entitled to the services of a court-appointed, publicly-funded counsel.

The entry is:

Judgment affirmed.

All concurring.